UNITED STATES of America,
Plaintiff,

v.

Kevin Glade THOMSON, Defendant.

No. 2:00CR191K.

United States District Court,
D. Utah,
Central Division.

Feb. 21, 2001.

Barbara Bearnson, U.S. Attorney's Office, Salt Lake City, UT, for U.S.

Larry R. Keller, Cohne Rappaport & Segal, Salt Lake City, UT, for Kevin Glade Thomson.

## ORDER

KIMBALL, District Judge.

This matter is before the court on Defendant Kevin Glade Thomson's Motion to Dismiss Indictment on Ex Post Facto Grounds, Motion to Dismiss Indictment as the Statute Under Which the Defendant Is Charged Is Unconstitutionally Vague, Motion to Dismiss Indictment Upon Statutory Construction, and Motion to Dismiss Indictment Based On Provisions of 18 U.S.C. § 921(a)(33)(B)(i)(I). A hearing on the matter was held on February 14, 2001. At the hearing, Plaintiff United States of America was represented by Barbara Bearnson and Defendant was represented by Larry R. Keller. After carefully considering the memoranda submitted by the parties as well as the law and facts relating to this matter, and now being fully advised, the court renders the following Order.

## I. BACKGROUND

Defendant was charged under 18 U.S.C. § 922(g)(9) for "possession of a firearm after a domestic violence conviction." Defendant's prior conviction was in 1993 for battery in violation of Salt Lake City Code § 11.08.020. The victim of the battery was apparently Defendant's girlfriend. Defendant appeared before Judge Palacios on

July 19, 1993, and entered a guilty plea. In February 2000, police were called to Defendant's place of employment because of threatening statements Defendant made to coworkers while he was cleaning out his desk after being terminated. The police retrieved a semi-automatic pistol and three loaded magazines from Defendant's duffle bag.

## DISCUSSION

### I. EX POST FACTO

 Defendant claims 18 U.S.C. § 922(g)(9) should not apply to him because it was passed in 1996 and his prior conviction for battery was in 1993. To constitutionally violate the ex post facto clause a law " 'must apply to events occurring before its enactment,' and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997). Defendant specifically argues that § 922(g)(9) increases the punishment for battery beyond what was prescribed when his prior offense was consummated, that there is no evidence that Congress intended § 922(g)(9) to apply to convictions of misdemeanor crimes that preceded the passage of the statute, that principles of statutory construction suggest criminal statutes are to be applied prospectively, and that he was denied fair notice that his carrying of a firearm was prohibited.

Defendant's arguments on ex post facto grounds have not been specifically addressed by the Tenth Circuit, but they have been addressed by other district courts within the Tenth Circuit and found unpersuasive.[1] In *United States v. Boyd*,

---

1. In holding that the use of twenty-seven-year-old and eighteen-year-old convictions as predicate offenses under the Three Strikes statute, 18 U.S.C. § 3559(c), did not violate due process, the Tenth Circuit noted that sev-

eral circuit courts had found that the use of predicate offenses occurring before the enactment of the Three Strikes statute was constitutional on ex post facto grounds. *See United*

52 F.Supp.2d 1233, 1236–37 (D.Kan.1999), *aff'd*, 211 F.3d 1279 (10th Cir.2000), the court recognized that all courts deciding such a challenge "have concluded that because the illegal act in § 922(g)(9) is the possession of the firearm, not the misdemeanor domestic violence conviction, the illegal act was not completed until after § 922(g)(9) became effective." *See also United States v. Mitchell*, 209 F.3d 319, 322 (4th Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 123, 148 L.Ed.2d 78 (2000). The *Boyd* court further reasoned that "this statute does not impose a heavier or additional penalty for the earlier domestic violence conviction, but rather imposes authorized punishment for criminal conduct that has occurred after the passage of the law." *Id.* at 1237. The *Boyd* court concluded that § 922(g)(9) "plainly sets forth the conduct which it prohibits and to whom it applies." *Id.* This court agrees with the reasoning in *Boyd*. Accordingly, Defendant's Motion to Dismiss on ex post facto grounds is denied.

## II. UNCONSTITUTIONALLY VAGUE

Defendant claims a portion of 18 U.S.C. § 921(a)(33)(A)(ii), which defines a "misdemeanor crime of domestic violence" as an offense committed by a "person similarly situated to a spouse, parent, or guardian of the victim" is unconstitutionally vague. The standard for finding a statute void for vagueness is whether the statute (1) fails to define the offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited, and (2) fails to establish minimum guidelines to govern law enforcement so as to invite arbitrary and discriminatory law enforcement. *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir.1997).

Specifically, Defendant claims the phrase "similarly situated to a spouse" is so vague that an ordinary person would not be able to understand who would qualify as such a person and that this vague language failed to put him on notice that the statute prohibiting the carrying of a firearm would apply to him. He also claims it would be unfair to allow the fact finder to speculate as to whether or not a boyfriend/girlfriend relationship is close enough to be considered similar to that of spouses and that such conjecture allows for the type of arbitrary and discriminatory enforcement prohibited in the void-for-vagueness case law.

The government anticipates the evidence will show that Defendant cohabitated with the victim for four months prior to the incident, which is explicitly identified as a relationship covered by the statute. Therefore, Defendant's vagueness challenge to the "similarly situated" language, even if successful, would not dismiss the indictment because the government could proceed to prove cohabitation. However, with respect to the vagueness challenge, this court concludes that a person of ordi-

---

*States v. Bredy*, 209 F.3d 1193, 1197–98 (10th Cir.2000) (citing *United States v. Kaluna*, 192 F.3d 1188, 1198–1200 (9th Cir.1999) (ruling that Three Strikes statute does not violate Double Jeopardy Clause, separation of powers principle, Ex Post Facto Clause, or Eighth Amendment's proportionality guarantee), *cert. denied*, 529 U.S. 1056, 120 S.Ct. 1561, 146 L.Ed.2d 465 (2000); *United States v. Wicks*, 132 F.3d 383, 387–90 (7th Cir.1997) (holding that Three Strikes law does not violate due process, equal protection, separation of powers doctrine, or Commerce Clause); *United States v. Rasco*, 123 F.3d 222, (ruling that statute does not violate the doctrine of separation of powers or the Ex Post Facto Clause); *United States v. Washington*, 109 F.3d 335, 338 (7th Cir.1997) (holding that statute does not violate Eighth Amendment prohibition against cruel and unusual punishment, Ex Post Facto Clause, Double Jeopardy Clause, equal protection, separation of powers doctrine, or due process); *United States v. Farmer*, 73 F.3d 836, 839–41 (8th Cir.1996) (making same ruling but not addressing separation of powers argument)).

nary intelligence could easily understand what conduct is prohibited by this statute and to whom it applies. Furthermore, juries are commonly asked to determine these types of factual questions under governing statutes without the statute being considered vague or running afoul of the arbitrary or discriminatory enforcement prohibitions. Therefore, this court concludes that the phrase "similarly situated to a spouse" in 18 U.S.C. § 921(a)(33)(A)(ii) is not unconstitutionally vague and denies Defendant's motion to dismiss.

### III. STATUTORY CONSTRUCTION

■ Both parties agree that the battery offense Defendant was previously convicted under did not include the relationship between the defendant and the victim as an element of the crime. *See* Salt Lake City Code § 11.08.020. The parties disagree, however, as to whether the language of § 922(a)(33), which states that the predicate offense "has as an element, the use or attempted use of physical force or the threatened use of a deadly weapon, committed by a current or former spouse ...," requires the predicate offense to include both the force and relationship aspect of the provision.

This exact issue has been addressed in other circuits. The Eighth Circuit has found the language of § 922(a)(33) unambiguously requires only the force aspect as an element of the predicate offense: "the singular term 'element' modifies the phrase 'the use or attempted use of physical force....' If Congress meant the predicate misdemeanor to have two elements, it would have used the plural form of 'element.'" *United States v. Smith,* 171 F.3d 617, 620 (8th Cir.1999). The court further found that its statutory construction was bolstered by the legislative history which recognized that "'convictions for domestic violence-related crimes often are for crimes, such as assault, that are not explic-

itly identified as related to domestic violence.'" *Id.* (quoting 142 Cong. Rec. S11872–01, S11878 (1996) (statement of Se. Lautenberg)). The First Circuit has also concluded that "only the mode of aggression, not the relationship status between the perpetrator and victim, must appear within the formal definition of an antecedent misdemeanor to constitute it as a predicate offense." *United States v. Meade,* 175 F.3d 215, 219 (1st Cir.1999). This court agrees with the reasoning of these circuit courts and concludes that the relationship aspect of the provision was not intended to be a required element of the predicate offense. Therefore, Defendant's motion to dismiss on this ground is denied.

### IV. PROVISIONS OF 18 U.S.C. § 921(A)(33)(B)(I)(I)

■ 18 U.S.C. § 921(a)(33)(B)(i)(I) states that before a prior conviction of a misdemeanor crime of domestic violence can be considered, it must be shown that the defendant "was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case." The parties dispute whether Defendant's waiver of counsel during his previous conviction was "knowingly and intelligently" made. The government claims that the issue is a question of fact and Defendant cannot challenge whether the government can meet its burden of proof on a factual matter at a pretrial hearing. Defendant argues that the question of whether Defendant's prior conviction is admissible, based upon the determination of whether Defendant properly waived his right to counsel, is a preliminary question under Federal Rule of Evidence 104 that the court should determine before trial.

Federal Rule of Evidence 104 provides that preliminary questions concerning the admissibility of evidence "shall be determined by the court, subject to the provi-

sions of subdivision (b)." Subdivision (b) provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

The determination of whether Defendant knowingly and intelligently waived his right to counsel is a mixed question of law and fact. *United States v. Burson*, 952 F.2d 1196, 1198 (10th Cir.1991). "The Supreme Court has stated the trial judge 'can make certain that an accused's professed waiver of counsel is understandably and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *United States v. Taylor*, 113 F.3d 1136, 1140–41 (10th Cir.1997) (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948)). "Waiver must be made with an apprehension of the nature of the charges, the statutory offenses, the range of allowable punishment, possible defenses to the charges, circumstances in mitigation, and all other facts essential to a broad understanding of the whole matter." *United States v. Taylor*, 183 F.3d 1199, 1203 (10th Cir.1999). This Court concludes that because of the intensive factual and legal examination required to determine whether Defendant knowingly and intelligently waived his right to counsel when he plead guilty to battery—and therefore whether Defendant's prior conviction is admissible under 18 U.S.C. § 921(a)(33)(B)(i)(I)—the court should conduct such determination prior to trial. An evidentiary hearing on this issue of is set for 9:00 a.m. on March 9, 2001.

## CONCLUSION

Based upon the above reasoning, Defendant's Motion to Dismiss Indictment on Ex Post Facto Grounds is DENIED, his Motion to Dismiss Indictment as the Statute Under Which the Defendant Is Charged Is Unconstitutionally Vague is DENIED, his Motion to Dismiss Indictment Upon Statutory Construction is DENIED, and his Motion to Dismiss Indictment Based On Provisions of 18 U.S.C. § 921(a)(33)(B)(i)(I) is set for an evidentiary hearing on March 9, 2001, at 9:00 a.m.