**UNITED STATES of America,
Plaintiff,**

v.

**Eliodoro RODRIGUEZ–DEHARO,
Defendant.**

**No. CR F 01–5352 OWW.**

United States District Court,
E.D. California.

March 14, 2002.

---

**5.** The United States Attorney's motion to dismiss this petition is therefore MOOT (doc. # 47).

Carl M. Faller, Jr., U.S. Atty's Office, Fresno, CA.

Victor M. Chavez, Federal Defender's Office, Fresno, CA.

**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR FAILURE TO STATE AN OFFENSE (Doc. 7)**

WANGER, District Judge.

Eliodoro Rodriguez–DeHaro ("Defendant") is charged with violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), making a false statement on an application to purchase a firearm, by answering "No" to the question, "Have you ever been convicted in any court of a misdemeanor crime of domestic violence?". Defendant moves to dismiss the indictment on the grounds that it fails to state an offense. *See* Doc. 7, filed February 11, 2002. Oral argument was heard March 4, 2002. The Government was represented by Assistant United States Attorney, Laurel Montoya, Esq. Defendant was represented by Assistant Public Defender, Ann Voris, Esq.

## I. *BACKGROUND*

On January 20, 1999, Defendant was allegedly convicted of a misdemeanor violation of California Penal Code section 242, battery,[1] in California Superior Court, County of Tulare. *See* Doc. 8 at Exh. A. In that case Defendant was originally charged with a misdemeanor violation of California Penal Code section 243(e)(1), battery against a cohabitant, co-parent, or anyone to whom the defendant is currently, or has in the past been, married, engaged, or in a dating relationship.[2] *See*

---

1. "A battery is any willful and unlawful use of force or violence upon the person of another." Cal.Pen.Code § 242.

2. Section 243(e)(1) provides, in relevant part:

When a battery is committed against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiance, or fiancee, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship, the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail for a period of not more than one year, or by both that fine and imprisonment. If probation is granted, or the execution or imposition of the sentence is suspended, it shall be a condition thereof that the defendant participate in, for no less than one year, and successfully complete, a batterer's treatment program, as defined in Section 1203.097, or if none is available, another appropriate counseling program designated by the court....

Cal.Pen.Code § 243(e)(1).

Doc. 9 at Exh. C. Defendant entered a plea of guilty to a "lesser included offense," as part of "a bargained reduction from domestic violence [under section 243(e)(1) ] to simple battery." Doc. 8 at p. 1:26–27.

The Government alleges that on April 10, 1999, Defendant filled out ATF Form 4473 while attempting to purchase a .380 caliber Jennings handgun and answered "No" to question 9k, which inquired whether he had suffered a prior conviction for a misdemeanor crime of domestic violence in any court. *See* Doc. 9 at pp. 1–2, Exh. A. Question 9k reads,

> Have you been convicted in any court of a misdemeanor crime of domestic violence? This includes any misdemeanor conviction involving the use or attempted use of physical force committed by a current or former spouse, parent, or guardian of the victim or by a person with a similar relationship with the victim.

Doc. 9 at Exh. A.

The indictment specifically charges that Defendant:

> ... on or about April 10, 1999, in the County of Tulare, State and Eastern District of California, in connection with

his attempted acquisition of a firearm ... did knowingly make a false and fictitious written statement to Boas Minnow Farm and Sporting Goods, as to a fact material to the lawfulness of such attempted acquisition of the said firearm by the defendant under Chapter 44 of Title 18 United States Code, in that the defendant responded that he had never been convicted in any court of a misdemeanor crime of domestic violence, when in fact, as the defendant knew, he had been convicted on or about January 20, 1999, in Tulare County Superior Court of a misdemeanor crime of domestic violence, as defined under Title 18, United States Code, Section 921(a)(33)(A),[3] all in violation of Title 18, United States Code, Sections 922(a)(6)[4] and 924(a)(2).[5] Doc. 1, Indictment, filed September 27, 2001.

Defendant moves to dismiss the indictment on the grounds his prior conviction is not "a misdemeanor crime of domestic violence" as defined by section 921(a)(33)(A), he did not have the requisite knowledge, and that the statute is unconstitutionally vague and overbroad. *See* Doc. 8.

**3.** 18 U.S.C. section 921(a)(33)(A) provides in pertinent part, ... [T]he term "misdemeanor crime of domestic violence" means an offense that—
 (i) is a misdemeanor under Federal or State law; and
 (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.
 18 U.S.C. § 921(a)(33)(A).

**4.** 18 U.S.C. section 922(a)(6) provides that it shall be unlawful:

for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.
18 U.S.C. § 922(a)(6).

**5.** 18 U.S.C. section 924(a)(2) provides: "Whoever knowingly violates subsection (a)(6) ... of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

## II. LEGAL STANDARD

 Fed.R.Crim.P. 7(c) requires that an indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R.Crim.P. 7(c). "[T]he indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir.1979) (cited with approval in *United States v. Shipsey*, 190 F.3d 1081, 1087 (9th Cir. 1999)). In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the court is bound by the four corners of the indictment and must accept the truth of the allegations in the indictment. *See United States v. Boren*, 278 F.3d 911, 913 (9th Cir.2002). Fed. R.Crim.P. 12(b) permits a defendant to raise before trial any defenses and objections based on defects in the indictment or in the institution of prosecution. *See* Fed. R.Crim.P. 12(b).

## III. ANALYSIS

### A. Battery as a Crime of Domestic Violence

Defendant argues his conviction for simple battery under state law is not a conviction for a crime of domestic violence as defined in 921(a)(33)(A), *see* Doc. 8 at p. 3, because simple battery has no element of domestic status of the victim. He maintains that only the category of crime should be considered to determine whether a prior misdemeanor conviction is for domestic violence, not the underlying conduct upon which the conviction is based. *See id.* Defendant refers to Cal.Penal Code § 242, which does not include an element of force against a current or former spouse, cohabitant, or similar person, and cites *United States v. Wofford*, 113 F.3d 977, 982 (9th Cir.1997), for the general rule

that a "categorical" approach, which focuses on the elements of the crime and ignores the underlying conduct, should be taken in interpreting § 921(a)(33)(A).

Section 921(a)(33)(A) defines a misdemeanor crime of domestic violence as one which "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse ... of the victim" or similar person. 18 U.S.C. § 921(a)(33)(A)(ii).

 The issue Defendant presents is, whether the predicate crime must have the facially defined element of force used against a spouse or similar person, or only the singular element of use of force, if the underlying forcible act was committed upon a spouse or similar person. Defendant contends section 921(a)(33)(A) requires the predicate misdemeanor to contain two elements 1) use of force or violence and 2) the status of a domestic relationship between the perpetrator and the victim. The Government rejoins that section 921(a)(33)(A) requires the predicate misdemeanor to have only the element of "physical force, or the threatened use of a deadly weapon." If convicted under a statute with the requisite force element, the predicate crime qualifies as a crime of domestic violence if the underlying conduct was actually perpetrated against a spouse or other similar person, regardless of whether the relationship between the perpetrator and victim is a textual element of the statute of conviction.

The Ninth Circuit has not addressed the issue. No circuit that has addressed the issue interprets the statutes, § 922(a)(6) and § 921(a)(33)(A), in the manner Defendant advocates. The First, Eighth, and Eleventh Circuits have held that to violate § 922(g)(9), for unlawful firearm possession, predicate misdemeanor crimes need

only have the element of force as long as the underlying forcible conduct was perpetrated against a victim who stands in one of the relationships described in section 921(a)(33)(A). *See United States v. Meade*, 175 F.3d 215, 222–23 (1st Cir.1999) (unlawful possession of firearm under 18 U.S.C. §§ 922(g)(8) and 922(g)(9)), *accord United States v. Nason*, 269 F.3d 10, 14 (1st Cir.2001) (unlawful firearm possession under § 922(g)(9)); *United States v. Smith*, 171 F.3d 617, 619–20 (8th Cir.1999) (false statement on a firearms application under § 922(a)(6) and unlawful firearm possession under § 922(g)(9)); *United States v. Chavez*, 204 F.3d 1305, 1313–14 (11th Cir.2000) (unlawful firearm possession under § 922(g)(9)); *see also United States v. Lewitzke*, 176 F.3d 1022, 1025 (unlawful firearm possession under § 922(g)(9)) ("this definition includes all misdemeanors that involve the use or attempted use of physical force (e.g., simple assault, assault and battery) if the offense is committed by one of the defined parties . . . whether or not the State statute or local ordinance specifically defines the offense as a domestic violence misdemeanor") (quoting Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms, Open Letter to All State and Local Law Enforcement Officials) (dictum).

Faced with a motion to dismiss similar to Defendant's, the United States District Court for the District of Utah summarized the First and Eighth Circuits' interpretations of section 921(a)(33)(A) as follows:

> The Eighth Circuit has found the language of § 922(a)(33) unambiguously requires only the force aspect as an element of the predicate offense: "the singular term 'element' modifies the phrase 'the use or attempted use of physical force . . . .' If Congress meant the predicate misdemeanor to have two elements, it would have used the plural form of 'element.'" *United States v. Smith*, 171 F.3d 617, 620 (8th Cir.1999).

The court further found that its statutory construction was bolstered by the legislative history which recognized that " 'convictions for domestic violence-related crimes often are for crimes, such as assault, that are not explicitly identified as related to domestic violence.' " *Id.* (quoting 142 Cong.Rec. S11872–01, S11878 (1996) (statement of Sen. Lautenberg)). The First Circuit has also concluded that "only the mode of aggression, not the relationship status between the perpetrator and victim, must appear within the formal definition of an antecedent misdemeanor to constitute it as a predicate offense." *United States v. Meade*, 175 F.3d 215, 219 (1st Cir.1999). This court agrees with the reasoning of these circuit courts and concludes that the relationship aspect of the provision was not intended to be a required element of the predicate offense. Therefore, Defendant's motion to dismiss on this ground is denied.

*United States v. Thomson*, 134 F.Supp.2d 1227, 1230 (D.Utah 2001).

In *Chavez*, 204 F.3d at 1313–14, the Eleventh Circuit followed the Eighth Circuit's holding in *Smith*. *See Chavez*, 204 F.3d at 1313–14. Chavez had been convicted of a violation of 18 U.S.C. section 113(a)(4), an offense "akin to a simple battery." *Chavez*, 204 F.3d at 1313–14. The offense "has as an element the use, attempted use or threatened use of physical force. Therefore, the offense meets the statutory definition of 'a misdemeanor crime of domestic violence.' " *Chavez*, 204 F.3d at 1313–14 (citing *Smith*, 171 F.3d at 620).

■ The interpretations of the First, Eighth, and Eleventh Circuits, and the District Court of Utah, are reasonable, consistent, do not contradict the plain meaning of the statute, and have not been questioned by any contrary interpretation

by another court. Here, the Government alleges Defendant was convicted of a misdemeanor in violation of California Penal Code 242, which has as an element "any willful and unlawful use of force or violence upon the person of another." Cal.Pen. Code § 242. The indictment alleges that Defendant's prior battery was committed against a spouse or other similar person within the meaning of section 921(a)(33)(A). To the extent Defendant argues his prior battery conviction is insufficient as a matter of law to constitute a crime of domestic violence, these cases decide otherwise.

Arguendo, even if Defendant's statutory interpretation argument is accepted, the unique circumstances of this case make inapposite the need for such statutory interpretation. Here, the crime charged against Defendant is that he knowingly made a false written statement in purchasing a firearm in violation of 18 U.S.C. § 922(a)(6). In the context of the disputed indictment for false statement on a firearms purchase application, it is unnecessary to parse § 921(a)(33)(A). The specific ATF Form 4473 question which Defendant is alleged to have answered falsely is set forth in *haec verba* in the indictment; question 9k asks:

> Have you been convicted in any court of a misdemeanor crime of domestic violence? This *includes* any misdemeanor conviction involving *the use or attempted use of physical force* committed by a current or former spouse, parent, or guardian of the victim or by a person with a similar relationship with the victim.

Doc. 9 at Exh. A (emphasis added). The ATF Form 4473 provided Defendant, at the time he completed it, a complete definition of "misdemeanor crime of domestic violence." There is no reference to § 921(a)(33)(A) in the Form. By reading the form furnished to Defendant by the firearms dealer, Defendant did not have to refer to any underlying law, nor did Defendant need to know any other definition of "crime of domestic violence." Rather, the application simply asked whether he had ever been convicted of a misdemeanor "involving the use or attempted use of physical force committed by a current or former spouse, parent, or guardian of the victim or by a person with a similar relationship with the victim." That information and knowledge was solely within the possession of Defendant. To answer the question whether he had suffered such a conviction, Defendant did not need to refer to any other law or interpretation of law, because the specific definition of the predicate "misdemeanor crime of domestic violence" was provided on the application itself.

The reference to § 921(a)(33)(A) in the indictment is surplusage, for the crime with which Defendant is charged, violation of § 922(a)(6), only requires a knowingly false statement on an application to purchase a firearm. *See United States v. Sullivan,* 919 F.2d 1403, 1417 n. 17 (10th Cir.1990) (surplusage a proper target for a motion to strike, but need not be considered on a motion to dismiss); Fed. R.Crim.P. 7(d).

An alternative and independent basis exists to find the indictment sufficient under Fed.R.Crim.P. 7(c). The elements of the charged offense are that Defendant knowingly made a false statement on a firearms purchase application. The statute sets out the prohibited conduct in straightforward language capable of being understood by a person of ordinary intelligence. *See United States v. Meade,* 175 F.3d at 222 (§ 922(g)(9) "contains no ambiguity either as to the persons to whom the prohibitions apply or as to what conduct is proscribed"). The statute does not require a specific type of false statement, rather, only that a statement on a firearms

purchase application is false and known to be false when made. The indictment gives Defendant fair notice of the elements of the crime and the nature of the offense under § 922(a)(6). It is unnecessary for the indictment to allege evidentiary facts beyond a description of the false statement itself. A legal interpretation of the term "misdemeanor conviction for domestic violence" need not be alleged in the indictment. Defendant's contention that a simple battery that does not contain a domestic status element, cannot as a matter of law, constitute a false statement on a Form 4473, fails. Question 9k on Form 4473 asked Defendant whether he had been convicted in any court of a misdemeanor crime involving the use or attempted use of physical force committed by a current or former spouse of the victim or by a person with a similar relationship with the victim. He possessed all the necessary information to answer that question. Question 9k did not require Defendant to have technical knowledge of the law or to legally interpret § 921(a)(33)(A), because the application form made no reference to the federal statute defining "misdemeanor crime of domestic violence."

The charging language of the indictment is sufficient to satisfy Fed.R.Crim.P. 7(c); it provides Defendant with fair notice of the elements of the crime and the essential facts on which the charged offense is based. Defendant's motion to dismiss the indictment for failure to allege a crime; i.e., that Defendant previously committed a misdemeanor crime of domestic violence, is DENIED.

### B. *Knowledge*

Defendant argues he did not knowingly violate section 922(a)(6) as required by section 924(a)(2). The indictment alleges Defendant "did knowingly make a false and fictitious written statement . . . in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2)." Doc. 1. The Gov-

ernment alleges Defendant responded "No" to the question that asked whether he had been convicted of a misdemeanor "involving the use or attempted use of physical force committed by a current or former spouse, [etc.]," *see* Doc. 9 at Exh. A, even though he knew he had been convicted of such a misdemeanor. *See* Doc. 1. The Government alleges Defendant's answer amounts to a knowingly false statement made in connection with the attempted acquisition of a firearm in violation of section 922(a)(6). *See id.;* 18 U.S.C. § 922(a)(6).

■ A Rule 12(b) motion, which accepts the indictment's allegations as true, is not the proper vehicle for contesting the truthfulness or weight of the facts the Government alleges. Knowledge is an evidentiary issue Defendant may address at trial with evidence he lacked knowledge that his statement was false. The issue of knowledge cannot be decided as a matter of law from the face of the indictment. Defendant's motion to dismiss the indictment on the ground he did not knowingly make a false statement is DENIED.

### C. *Vagueness/Overbreadth*

Defendant argues section 922(a)(6) is unconstitutionally vague and overbroad as applied. *See* Doc. 8 at p. 7. Defendant asserts he knew only that he had been convicted of battery, not domestic violence, so that as applied to him, the statute is vague and overbroad.

■ Criminal statutes are unconstitutionally vague if they do not adequately specify the conduct that they prohibit or the class of persons to whom the apply. *See United States v. Lanier,* 520 U.S. 259, 265–66, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Title 18 U.S.C. section 922(a)(6) provides that it shall be unlawful "for any person in connection with the acquisition or attempted acquisition of any firearm

... knowingly to make any false or fictitious oral or written statement ... intended or likely to deceive...." 18 U.S.C. § 922(a)(6). The statute sets out the prohibited conduct in straightforward language capable of being understood by a person of ordinary intelligence. Sections 921(a)(33) and 922(g)(9) have been held not to be unconstitutionally vague. *See Meade*, 175 F.3d at 222 (section 922(g)(9) "contains no ambiguity either as to the persons to whom the prohibitions apply or as to what conduct is proscribed[;][i]t is, after all, fair to presume that a misdemeanant will know his relationship with his victim"); *Smith*, 171 F.3d at 623 ("We would be hard pressed to find an individual of common, or even not so common, intelligence who could not determine whether he was in one of the enumerated relationships when he committed a misdemeanor crime including an element of physical force." Section "921(a)(33) is unambiguous and does not require the underlying misdemeanor to contain a domestic relationship element"); *Thomson*, 134 F.Supp.2d at 1229–30 (accord).

█ The elements of § 922(a)(6) required to prove a prima facie case are clear and straightforward: 1) the seller was a licensed firearms dealer; 2) in connection with attempting to buy a firearm from the dealer, defendant made a false statement; 3) the defendant knew the statement was false; and 4) the false statement was intended or likely to deceive the seller into believing that firearms could lawfully be sold to the defendant. *See* Ninth Circuit Manual of Model Jury Instructions Criminal, Instruction No. 8.52, p. 187 (2000). The false application for purchase of a firearm statute does not contain a requirement that the defendant "know" the legal definition of a crime of domestic violence.

Defendant argues the ATF Form states an incorrect or misleading version of the law. *See* Doc. 8 at p. 7. The clarity of the ATF Form is not relevant to the contention that section 922(a)(6) is unconstitutionally vague. It may bear on Defendant's knowledge. The Form asks whether the applicant has been convicted of a misdemeanor "involving the use or attempted use of physical force committed by a current or former spouse," etc. *See* Doc. 9 at Exh. A. The Government alleges Defendant responded "No" to this question even though he allegedly knew he had been convicted of a misdemeanor involving the use of force against a current or former spouse or a person with a similar relationship to him. *See* Doc. 1. The Government alleges this answer amounted to a knowingly false statement made in connection with the attempted acquisition of a firearm in violation of section 922(a)(6). *See id.*; 18 U.S.C. § 922(a)(6). The statute is not unconstitutionally vague or overbroad as applied to the facts alleged in the indictment against Defendant. Defendant's motion to dismiss the indictment on the grounds of unconstitutional vagueness and overbreadth must be DENIED.

## IV. CONCLUSION

Defendant's motion to dismiss the indictment is DENIED.

SO ORDERED.