United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

Revised September 17, 2003

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10962

_____

UNITED STATES OF AMERICA

                                        Plaintiff – Appellant

        v.

BRETT ALDEN BETHURUM

                                        Defendant – Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

Before KING, Chief Judge, and HIGGINBOTHAM and BARKSDALE, Circuit
Judges.

KING, Chief Judge:

The United States appeals the district court's order
granting Defendant-Appellee Brett Alden Bethurum's motion for
judgment of acquittal pursuant to Rule 29(a) of the Federal Rules
of Criminal Procedure.  We vacate the order and remand for
reinstatement of the jury verdict finding Bethurum guilty on
eight counts of possessing a firearm in and affecting interstate
commerce after being convicted of a misdemeanor crime of domestic

violence in violation of 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 924(a)(2).

I.  FACTS AND PROCEDURAL HISTORY

On June 9, 1997, Defendant-Appellee Brett Alden Bethurum was convicted of misdemeanor attempted assault with bodily injury for kicking Rebecca Bethurum, his wife.  At that time, Bethurum chose to enter a plea of guilty to the offense.  To that effect, he signed a document entitled "Waiver of Appointment of Attorney and Waiver of Jury Trial by Defendant Entering Plea of Guilty" which states:

> Now comes the undersigned Defendant in this cause and represents to the Court that I have no attorney, that I do not intend to employ counsel herein, and that I waive any right I may have to have the Court appoint an attorney to defend me in this cause.
>
> I acknowledge that I have been advised by the Court of my right to representation by counsel in the trial of the charge pending against me.  I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge.  Understanding my right to have counsel appointed free of charge if I am not financially able to employ counsel, I wish to waive that right and request the Court to proceed with my case without an attorney being appointed for me.  I hereby waive my right to counsel.
>
> I further represent to the Court that I desire to make immediate disposition of this case by here and now entering my plea of guilty, waiving trial by jury and submitting it to the Court on all issues of law and fact.
>
> WHEREFORE, premises considered, Defendant prays the Court to proceed immediately to arraign me in this cause, accept my plea of guilty and waiver of jury trial, to enter judgment thereon and, having entered the same, to immediately sentence me in the manner provided by law, waiving for said purpose every provision of the law the

2

> effect of which would delay of [sic] arrest entry of judgment or imposition of sentence.

This document was also signed by the presiding judge, Judge J.R. Adcock, indicating that it was "approved and granted." The state court deferred adjudication for twenty-four months and placed Bethurum on probation. However, he violated the terms of his probation when he was convicted for driving while intoxicated. As a result of the DWI conviction, Bethurum's probation was revoked and he was adjudicated guilty of misdemeanor assault against his wife.

In April 2002, Bethurum was indicted on eight counts of possessing a firearm in and affecting interstate commerce in violation of a federal statute making it "unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(9) (2000). Bethurum pleaded not guilty to all eight counts of the indictment.

Prior to trial, Bethurum moved to dismiss the indictment on the grounds that he had not been convicted of a "misdemeanor crime of domestic violence" because he had pleaded guilty to the alleged predicate offense without "knowingly and intelligently" waiving either his right to counsel or his right to a jury trial. See 18 U.S.C. § 921(a)(33)(B)(i):

A person shall not be considered to have been convicted of [a misdemeanor crime of domestic violence] for purposes of this chapter, unless –

> (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

> (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

>> (aa) the case was tried by jury, or

>> (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

Id. After considering Bethurum's motion and the government's response in opposition, the district court ruled that the validity of Bethurum's waivers was an element of the alleged violation of § 922(g)(9) that the government had to prove to the trier-of-fact at trial.

The case was tried to a jury on June 17, 2002. Prior to trial, the parties stipulated that: (1) Bethurum knowingly possessed the firearms alleged in each count of the indictment; (2) the firearms alleged in each count had traveled across state lines and thereby affected commerce prior to the time of the alleged violation of § 922(g)(9); and (3) Bethurum had been adjudicated guilty in 1999 of the misdemeanor assault charge for kicking his wife. Thus, the only question remaining before the jury was whether Bethurum "knowingly and intelligently" waived

4

his rights to counsel and a jury trial when he pleaded guilty pro se to the previous assault charge.

The government at trial introduced into evidence a copy of the waiver form quoted above. The government also called Judge Adcock, who testified that, while he did not specifically recall Bethurum's case, his routine procedures during pro se cases included counseling the defendant as to the advantages of an attorney and reviewing the written waiver form with each defendant on an individual basis. Judge Adcock also testified that he routinely would advise the defendant that a conviction in some circumstances could have collateral consequences down the line, such as losing the right to vote. However, Judge Adcock testified that he doubted that he specifically warned Bethurum that conviction on the domestic relations misdemeanor would affect his rights concerning firearms use and possession, remarking that "there's no way that I can go over all of the ramifications of a plea of guilty." A former district attorney assigned to Judge Adcock's court corroborated the judge's testimony as to the court's routine procedures.

At the conclusion of the government's case-in-chief, Bethurum moved for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. After arguments on the motion, the court reserved ruling on the motion. Bethurum then testified in his own defense, confirming that Judge Adcock had given him the routine admonitions about which the judge had

testified. Bethurum also testified that, as an employee of his family's gun dealership, he would not have pleaded guilty to the offense had he known that the conviction would affect his ability to possess firearms.

On cross-examination, the government elicited testimony that Bethurum, as an employee of a licensed firearm dealer, was familiar with Form 4473 of the Bureau of Alcohol, Tobacco and Firearms. Form 4473 is a standard form used by firearms dealers to record firearms transactions; after § 922(g) was enacted in 1996, Form 4473 was revised to include a specific question about whether the recipient of the firearm had ever been convicted of a misdemeanor crime of domestic violence. While Bethurum admitted being familiar with the form, he testified that he never had considered whether the form would apply to him.

At the close of all evidence, Bethurum renewed his Rule 29(a) motion. At that time, the judge denied the motion without specific reference to the reserved Rule 29(a) motion that Bethurum had made at the close of the government's case-in-chief. After closing arguments, the court charged the jury that the government was required to prove beyond a reasonable doubt that Bethurum had knowingly and intelligently waived his rights to counsel and trial by jury at the time he pleaded guilty to the prior misdemeanor assault charge.

The jury returned a verdict of guilty on all eight counts of violating § 922(g)(9). After the verdict, Bethurum moved for a

judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. Bethurum's Rule 29(c) motion requested that the district court: (1) revive the possibly pending Rule 29(a) motion made at the close of the government's case-in-chief; (2) revive the Rule 29(a) motion made at the close of all evidence; and (3) grant a judgment of acquittal pursuant to Rule 29(c). The district court granted Bethurum's motion, set aside the jury verdict, and entered a judgment of acquittal. United States v. Bethurum, 213 F. Supp.2d 679, 691 (N.D. Tex. 2002). The court held that the initial Rule 29(a) motion was still pending and ruled on it in accordance with the standards set out in Rule 29(b). See FED. R. CRIM. P. 29(b) (stating that, when the court reserves ruling on a Rule 29(a) motion but later chooses to rule on the motion, the court must decide the motion "on the basis of the evidence at the time the ruling was reserved"). Considering only the evidence presented during the government's case-in-chief, the court held that Bethurum could not reasonably have been found to make a knowing and intelligent waiver of his rights without direct proof that Bethurum actually knew that a specific consequence of his waivers would be the deprivation of his future right to possess a firearm. Bethurum, 213 F. Supp.2d at 688.

The government now appeals the district court's order granting Bethurum's motion for judgment of acquittal. This court reviews a trial court's order granting a motion for judgment of

acquittal <u>de novo</u>, applying the same standard as the district court.  <u>United States v. Sanchez</u>, 961 F.2d 1169, 1179 (5th Cir. 1992).

## II.   THE ELEMENTS OF A VIOLATION OF § 922(g)(9)

By its text, § 922(g)(9) states three required elements: (1) the accused possessed, shipped, or transported a firearm (2) that had traveled in or affected interstate commerce (3) after the accused had been convicted of a misdemeanor crime of domestic violence.  28 U.S.C. § 922(g)(9); <u>cf.</u> <u>United States v. Daugherty</u>, 264 F.3d 513, 515 (5th Cir. 2001) ("Section 922(g)(1) has three requirements: (1) that the defendant previously have been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce.") (internal quotations and citations omitted).  Prior to trial, the district court ruled that the government had to prove to the jury as an additional element of a § 922(g)(9) violation that Bethurum also knowingly and intelligently waived his rights to counsel and a jury trial when he pleaded guilty to his prior domestic violence misdemeanor.  The government argues that this finding was incorrect; instead, the district court should have found that the question of Bethurum's waivers was a question of law that the district court should have decided, not the jury.  We agree with the government's argument.

While this court has never considered whether the waiver requirements set forth in § 922(a)(33)(B)(i) are essential

8

elements of a violation of § 922(g)(9), those courts which have considered the question have unanimously concluded that the requirements of § 922(a)(33)(B)(i) are part of the legal definition of a "misdemeanor crime of domestic violence" to be decided by the court as a matter of law rather than a separate and essential element of a violation of § 922(g)(9) which must be proved to the jury beyond a reasonable doubt.  See United States v. Akins, 276 F.3d 1141, 1146 (9th Cir. 2002) ("Because § 921(a)(33)(B)(i)(I) is a legal definition, its application presents a question of law to be decided by the trial judge."); United States v. Hartsock, 253 F. Supp.2d 24, 34-35 (D. Me. 2003) (rejecting the reasoning employed by the district court in Bethurum and holding that "[w]hile the question of whether those rights [to counsel and a jury trial] have been intelligently and knowingly waived may be more fact intensive, the ultimate resolution of the issue still involves a question of law that must be determined by the judge"); United States v. Pfeiffer, 206 F. Supp.2d 1002, 1007-08 (D.S.D. 2002) (ruling as a matter of law on the § 922(a)(33)(B)(i) waiver question); United States v. Thompson, 134 F. Supp.2d 1227, 1231 (D. Utah 2001) ("[B]ecause of the intensive factual and legal examination required to determine whether Defendant knowingly and intelligently waived his right to counsel when he plead guilty to battery . . . the court should conduct such a determination prior to trial."); see also United States v. Smith, 171 F.3d 617, 621-22 (8th Cir. 1999) (treating

9

the requirements of § 921(a)(33)(B)(i) as part of the legal definition of a "misdemeanor crime of domestic violence" without further elaboration and concluding, as a matter of law, that a particular conviction and waiver of rights satisfied the requirements of § 922(a)(33)(B)(i)).[1]

We agree with these courts. The essential elements of a violation of § 922(g)(9) are set forth in § 922(g)(9) itself; § 921(a)(33) simply provides a legal definition of the term "misdemeanor crime of domestic violence" used in § 922(g)(9). We look first to the fact that § 921 is entitled "Definitions." 18 U.S.C. § 921. Second, § 921(a)(33) states, "the term 'misdemeanor crime of domestic violence' <u>means</u> an offense that . . . ." 18 U.S.C. § 921(a)(33)(A) (emphasis added).

Furthermore, in other cases involving weapons-related offenses under § 922(g), the Supreme Court, this court, and numerous other federal courts have treated questions regarding the requirements of § 921(a) as purely legal questions about what constitutes a prior "conviction" under § 922(g). <u>See</u> <u>Beecham v. United States</u>, 511 U.S. 368, 370-71 (1994) (choice-of-law clause in § 922(a)(20) defines the legal rule for determining what

---

[1]    <u>Akins</u> is particularly illuminating in that the court's opinion replaces and supercedes an earlier opinion in the same case, which had held that the knowing and intelligent waiver required by § 922(a)(33)(B)(i) was an element of the § 922(g)(9) offense. <u>United States v. Akins</u>, 243 F.3d 1199, 1202 (9th Cir. 2001), <u>amended and superceded on denial of reh'g by</u> 276 F.3d 1141 (9th Cir. 2002).

constitutes a conviction under § 922(g)); Daugherty, 264 F.3d at 514 ("The question whether a felony conviction may serve as a predicate offense for a prosecution for being a felon in possession of a firearm pursuant to § 922(g)(1) is purely a legal one.") (citations omitted); United States v. Bartelho, 71 F.3d 436, 439-40 (1st Cir. 1995) (expressly holding that § 921(a)(20) sets forth a purely legal definition of what constitutes a conviction for a predicate offense under § 922(g) and not essential elements of a § 922(g) offense); United States v. Jackson, 57 F.3d 1012, 1016-17 (11th Cir. 1995) (same); United States v. Flower, 29 F.3d 530, 534 (10th Cir. 1994) (same); United States v. Clark, 993 F.2d 402, 406 (4th Cir. 1993) (same).

Because § 921(a)(33) sets forth a legal definition, the trial judge rather than the jury should determine whether a particular conviction is admissible as relevant evidence of a misdemeanor crime of domestic violence. See FED. R. EVID. 104; see also Hartsock, 253 F. Supp. 2d at 35; Thompson, 134 F. Supp. 2d at 1230-31. This is true even though the trial judge's ultimate decision to admit or not to admit a prior conviction may require a factual showing.

We conclude that the district court erred in ruling that the burden fell on the government to prove to the jury, beyond a reasonable doubt, that Bethurum had knowingly and intelligently waived his rights at the time of his prior domestic violence conviction. The question of the effectiveness of the waivers

11

should have been determined as a matter of law by the trial judge pursuant to Rule 104.

The record is fully developed on this point, and we can decide the question as a matter of law on the evidence before us in the record.  We find that Bethurum knowingly and intelligently waived his rights to counsel and trial by jury at the time of his misdemeanor domestic violence conviction.  Judge Adcock's routine procedures – which include having the defendant sign the detailed waiver form, thoroughly explaining that form to each defendant, and specifically warning the defendant about the advantages of being represented by counsel – adequately ensure that a defendant's waiver of his rights is both knowing and intelligent.  See United States v. Davis, 269 F.3d 514, 518-19 (5th Cir. 2001) (stating that, while there is "no sacrosanct litany for warning defendants against waiving" their rights, the presiding judge must make the defendant aware of the "dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open'") (quoting Faretta v. California, 422 U.S. 806, 835 (1975)).

Bethurum testified that Judge Adcock apparently followed these routine procedures in his case but that Bethurum chose to proceed pro se because he believed he would be able to avoid further legal problems while on probation.  While he may now regret that decision, Bethurum has not demonstrated that, at the

12

time he pleaded guilty, his waiver of his rights was not knowing and intelligent.

Bethurum also argues that his waivers could not have been knowing and intelligent because he was not specifically warned about the effect that a guilty plea would have on his ability to possess a firearm. While the district court found this argument persuasive, we do not.

We have previously stated that a defendant can effectively waive his rights even if not informed of "all the consequences that may flow from conviction or from the imposition of sentence." United States v. Edwards, 911 F.2d 1031, 1035 (5th Cir. 1990). For example, we have held that a defendant's waivers can be knowing and voluntary even when the defendant was not warned that her conviction could be used as a sentence enhancement in a subsequent trial, id. at 1035; that his driver's license could be forfeited, Moore v. Hinton, 513 F.2d 781, 782 (5th Cir. 1975); that he was ineligible for parole, Trujillo v. United States, 377 F.2d 266, 269 (5th Cir. 1967); or that his guilty plea would result in a loss of voting rights and right to travel abroad, Meaton v. United States, 328 F.2d 379 (5th Cir. 1964). The Seventh Circuit, among others, has held that a guilty plea is knowing and voluntary even where the defendant was not advised that he could be deported as a result of pleading guilty. Santos v. Kolb, 880 F.2d 941, 943-44 (7th Cir. 1989).

13

In fact, we have held that "if a sentencing court informs a defendant of the requirements of rule 11 [of the Federal Rules of Criminal Procedure], he need be informed of no others.  All other matters are collateral consequences . . . ."  Edwards, 911 F.2d at 1035 (internal quotations and citations omitted).  This principle applies to warnings given by state courts as well: "Having complied with rule 11, the state court necessarily complied with the Constitution."  Id.

As Rule 11 does not require a defendant to be warned of the effect his plea could have on his ability to possess a firearm, see FED. R. CRIM. P. 11, we hold that the ability to possess a firearm is a collateral matter.  Thus, Bethurum's waivers were not rendered unknowing or involuntary by the absence of a warning on this matter.  Our holding is in agreement with numerous state cases.  See, e.g., Polk v. State, 405 So. 2d 758, 762 (Fla. Dist. Ct. App. 1981); Saadiq v. State, 387 N.W.2d 315, 325 (Iowa 1986); State v. Rodriguez, 590 N.W.2d 823, 825 (Minn. Ct. App. 1999); State v. Liefert, 43 P.3d 329 (Mont. 2002); Matter of Ness, 855 P.2d 1191, 1195 (Wash. Ct. App. 1993).

We conclude that the district court erred in submitting the issue of the validity of Bethurum's waivers to the jury.  Further, as a matter of law we find that Bethurum knowingly and intelligently waived his rights to counsel and a jury trial at the time he pleaded guilty to a misdemeanor crime of domestic violence.  We therefore vacate the district court's entry of

14

judgment of acquittal and remand for reinstatement of the jury verdict.

IV.  CONCLUSION

We VACATE the district court's order granting Bethurum's motion for judgment of acquittal and REMAND for reinstatement of the jury verdict finding Bethurum guilty on all counts alleged in the indictment and for further proceedings.