BERGER, District Judge, dissenting:
 

 Brandon Locke was convicted of possession of a firearm by a prohibited person in violation of
 
 18 U.S.C. § 922
 
 (g)(9). The United States relied on two misdemeanor domestic violence convictions as predicates: A Georgia conviction for family battery violence in violation of Georgia Code § 16-5-23.1(a)(f)(1) and a Virginia conviction for assault and battery against a family or household member in violation of Virginia Code § 18.2-57.2. Both proceedings were resolved by guilty plea. Neither proceeding involved a plea colloquy wherein Mr. Locke was advised of his right to jury trial on the record, and neither proceeding included an affirmative waiver of that right on the record. No records from either proceeding included a written waiver of the right to a jury trial. Because the
 Majority addressed only the Virginia conviction, this dissent will likewise primarily focus on that conviction. The facts of the Georgia conviction, however, are equally problematic.
 

 I.
 

 Mr. Locke invoked
 
 18 U.S.C. § 921
 
 (a)(33)(B)(i)(II)(bb) as an affirmative defense. That provision states that a
 

 person shall not be considered to have been convicted of [an MCDV], unless, in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, [...] the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.
 

 The Majority now concludes that Mr. Locke did not have a right to a jury trial in Virginia because he pled guilty in the Juvenile and Domestic Relations court (JDR).
 

 Mr. Locke was charged with assault and battery against a family or household member in violation of Virginia Code § 18.2-57.2, a Class 1 misdemeanor with potential punishment of up to a year in jail and a fine of up to $2,500. Va. Code § 18.2-11. The Virginia Constitution guarantees criminal defendants the right to a jury trial, but permits laws "providing for the trial of offenses not felonious by a court not of record without a jury, preserving the right of the accused to an appeal and a trial by jury in some court of record having original criminal jurisdiction." Va. Const. art. I, § 8. The Virginia Court of Appeals has confirmed that both the United States Constitution and the Virginia Constitution guarantee the right to a jury trial to defendants charged with offenses carrying potential sentences of more than six months.
 
 McCormick v. City of Virginia Beach
 
 ,
 
 5 Va.App. 369
 
 ,
 
 363 S.E.2d 124
 
 , 125 (1987) (Keenan, J., reversing a conviction because the defendant "did not give express and intelligent consent to waive his right to trial by jury" for misdemeanor charges with potential sentences of six months and twelve months).
 

 I agree that a jury trial is not available in the JDR court, but that fact holds little weight here because the statutory affirmative defense (on which Mr. Locke relied) contained in
 
 18 U.S.C. § 921
 
 (a)(33)(B)(i)(II)(bb) asks whether a defendant "knowingly and intelligently waived the right to have the case tried by a jury" "in the case of a prosecution for an offense...for which a person was entitled to a jury trial in the
 
 jurisdiction
 
 in which the case was tried." (emphasis added). The
 
 jurisdiction
 
 is Virginia and Virginia guaranteed Mr. Locke the right to a jury trial for his Class A misdemeanor.
 

 Virginia courts have concluded that Virginia's system of providing a jury trial on appeal for certain misdemeanors meets constitutional muster because it preserves the right to a jury trial.
 
 Manns v. Commonwealth
 
 ,
 
 213 Va. 322
 
 ,
 
 191 S.E.2d 810
 
 , 812 (1972). The Majority's conclusion that Mr. Locke did not have the right to a jury trial with respect to an offense carrying a potential sentence of twelve months of incarceration calls into question the constitutionality of that system. Based on Virginia precedent and the language of its Constitution, I would find that Mr. Locke had the right to a jury trial for his Virginia MCDV conviction.
 

 II.
 

 In the alternative, the Majority finds that Mr. Locke must be presumed to have knowingly and intelligently waived his right to a jury trial simply by virtue of his entry of a guilty plea. I would apply the
 statute by its express terms and permit defendants to challenge the use of a MCDV as an affirmative defense, for purposes of an
 
 18 U.S.C. § 922
 
 (g) prosecution, without collaterally attacking the MCDV conviction. The Majority's reliance on the presumption of regularity renders the requirement in 18 § 921(a)(33)(B)(i)(II)(bb) of a knowing and intelligent waiver to be a practical nullity. If Congress intended a knowing and intelligent waiver to be presumed by the existence of a conviction by guilty plea, without the opportunity for a challenge and further inquiry, it would have had no reason to enact that provision.
 

 Waiving the right to a jury trial is an affirmative act, and the judge accepting a guilty plea requiring such a waiver must ensure that it is undertaken knowingly, intelligently, and voluntarily. "Presuming waiver from a silent record is impermissible."
 
 Boykin v. Alabama
 
 ,
 
 395 U.S. 238
 
 , 242,
 
 89 S.Ct. 1709
 
 ,
 
 23 L.Ed.2d 274
 
 (1969) (quoting
 
 Carnley v. Cochran
 
 ,
 
 369 U.S. 506
 
 , 516,
 
 82 S.Ct. 884
 
 ,
 
 8 L.Ed.2d 70
 
 (1962) ). Further inquiry into Mr. Locke's MCDV convictions reveals that he did not waive the right to a jury trial in accordance with settled law regarding waiver.
 

 If waiver of the right to a jury trial could ever be inferred solely from the existence of a guilty plea, such a presumption is particularly problematic with misdemeanor convictions. To the extent it is common knowledge that defendants enjoy the right to a trial by jury and waive that right by entering a guilty plea, there may also be general awareness that misdemeanors are often treated differently. The Majority notes "Virginia's entirely reasonable decision to provide for the expeditious resolution of misdemeanors ...," and the language of the statute likewise recognizes the disparity in procedural rights afforded to individuals charged with misdemeanors in varying jurisdictions. Maj. Op. at 199. Virginia's procedure wherein defendants charged with misdemeanors may proceed without a jury in the JDR court but are guaranteed the right to a jury trial via an appeal to the circuit court, demonstrates the need for a clear, affirmative waiver to ensure that a defendant understands his rights. Yet the majority opinion charges unsophisticated defendants with knowing and intelligent waiver of the right to a jury trial in the absence of any evidence that they were informed of the right or expressly waived it during the MCDV proceeding, on the basis that "as every first-year law student knows, a valid guilty plea is a waiver of the right to a jury trial." Maj. Op. at 201.
 

 Several courts, including a previous panel of the Fourth Circuit, have addressed challenges to
 
 18 U.S.C. § 922
 
 (g)(9) convictions based on assertions that an MCDV conviction was not a valid predicate because there was no knowing and intelligent waiver of the right to a jury trial. Those courts have engaged in a factual inquiry to determine whether there was a knowing and intelligent waiver of the right to a jury trial in the particular case.
 
 See, e.g.
 

 United States v. Jennings
 
 ,
 
 323 F.3d 263
 
 , 275-76 (4th Cir. 2003) (noting testimony from a municipal judge regarding her standard procedures to inform defendants of their rights);
 
 United States v. Frechette
 
 ,
 
 456 F.3d 1
 
 , 7 (1st Cir. 2006) ;
 
 United States v. Pfeifer
 
 ,
 
 371 F.3d 430
 
 , 434 (8th Cir. 2004) (stressing the factual inquiry in whether a defendant waived);
 
 United States v. Bethurum
 
 ,
 
 343 F.3d 712
 
 , 716 (5th Cir. 2003).
 

 Since Virginia precedent and its Constitution establish that Mr. Locke had a right to a jury trial in the jurisdiction in which he was convicted and since a sufficient factual record was adduced before the district court to reveal that Mr. Locke was not informed of his right to a jury trial and did not knowingly and intelligently waive
 that right in either the Virginia or Georgia proceedings, I would find that neither conviction could be used as a predicate to support a conviction under 18 U.S.C. 922(g)(9) and reverse.