# United States Court of Appeals for the Fifth Circuit

—————————

No. 23-11110
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Chadwick Smith,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:23-CR-9-1

—————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Defendant-Appellant Chadwick Smith appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends that his guilty plea was not knowing and voluntary because the district court failed to clarify or inquire further regarding his statements at rearraignment that he did not wish to lose his valuable rights of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

citizenship by pleading guilty to a felony. As Smith concedes, review is for plain error. *See United States v. Davila*, 569 U.S. 597, 606-07 (2013).

Smith fails to point to a provision of Federal Rule of Criminal Procedure 11 that requires the court to inform the defendant of and determine that the defendant understands that he could lose valuable rights of citizenship, such as the right to vote or to possess any kind of firearm and ammunition. *See* Fed. R. Crim. P. 11; *United States v. Bethurum*, 343 F.3d 712, 718 (5th Cir. 2003); *Meaton v. United States*, 328 F.2d 379, 380-81 (5th Cir. 1964). Smith thus fails to show that the district court erred, let alone that it clearly or obviously erred, at rearraignment. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Smith also argues, for the first time on appeal, that § 922(g)(1) violates the Second Amendment—both on its face and as applied to him—based on the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). However, his unpreserved *Bruen* challenges are foreclosed. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

AFFIRMED.