UNITED STATES of America, Plaintiff–Appellee,

v.

Bobbie Lou Martin EDWARDS, Defendant–Appellant.

No. 90–4305.

United States Court of Appeals, Fifth Circuit.

Sept. 5, 1990.

Kenneth A. Huchton (court appointed), Tyler, Tex., for defendant-appellant.

Tonda Curry, Asst. U.S. Atty., and Bob Wortham, U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendant Bobbie Lou Martin Edwards pleaded guilty to one count of conspiring to distribute amphetamines. On appeal, she argues that under the sentencing guidelines the district court should not have added two points to her base offense level for obstruction of justice and should have subtracted two points for her acceptance of responsibility for her crime. In addition, she contends that the district court should not have added two criminal history points for a state misdemeanor charge of theft by check, to which she recently had pleaded guilty, considering that she did so without benefit of counsel and without being warned that the guilty plea could affect her then-pending sentencing for conspiracy to distribute amphetamines.

Finding no reversible error, we affirm.

I.

On November 19, 1988, agents of the Drug Enforcement Administration ("DEA") Task Force arrested Edwards and a companion, William Grady McWhorter, in the parking lot of a motel. In the trunk of Edwards and McWhorter's car, the agents found approximately one and one-half pounds of amphetamines. When confronted by the arresting officers, Edwards admitted her guilt and agreed to cooperate in the investigation. No charges were filed at that time.

On October 19, 1989, McWhorter was indicted and an arrest warrant issued. Four days later Paul Black, a DEA Task Force officer, contacted Edwards and told her of the outstanding warrant for McWhorter. He instructed Edwards to call him should she have any contact with McWhorter. Black never received a call from Edwards.

That evening, Black was contacted by an anonymous telephone caller, who stated that Edwards and McWhorter had been at a local club together and were planning to go to a friend's residence for the night. The next day, Black and other DEA agents went to the house described by the informant and found Edwards and McWhorter together in a bedroom. McWhorter was arrested on the outstanding warrant, and Edwards was arrested without a warrant for conspiracy to distribute amphetamines and for harboring a fugitive.

While waiting for her plea hearing, Edwards was taken by state authorities to a

county misdemeanor court to face charges of theft by check in an unrelated action. The state told Edwards that if she pleaded guilty, the state would recommend a sentence equal to the time she already had served in federal pretrial custody; thus a guilty plea would result in her serving no further jail time. Edwards waived counsel, agreed to plead guilty, and was sentenced to time served. She was not told that the guilty plea could affect any sentence she might receive in the still-pending federal trial.

At her sentencing hearing, Edwards was given a two-point upward adjustment to her base offense level for obstruction of justice and did not receive a two-point downward adjustment for acceptance of responsibility for her actions. Edwards also was placed in criminal history category III because of her guilty plea to the state misdemeanor charge of theft by check. The district court overruled objections to all three actions and sentenced Edwards within the lower range of the resulting guideline range to 121 months' imprisonment. Edwards appeals, contending that the court should have sentenced her as a category II defendant with 26 points rather than as a category III defendant with 30 points.

## II.

Edwards first maintains that the district court acted improperly in adding two points for obstruction of justice under Guidelines § 3C1.1, which provides that the court should increase the offense level by two "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense...." The district court found that Edwards attempted to obstruct justice when she spent the night with McWhorter and failed to call Black and notify him of McWhorter's whereabouts.

Edwards challenges the court's adjustment on two grounds: First, she contends that she was willing to testify against all conspirators and cooperated with the DEA in its investigations; second, she maintains

that she had intended to call Black, but could not do so safely because she was in McWhorter's presence most of the evening. Edwards also contends that the government's dismissal of the harboring charge as part of Edwards's plea bargain precluded the court from considering her failure to call Black when the court assessed her offense level under the guidelines.

Section 3C1.1 is a directive to the court. "Hence, if the court finds that the defendant obstructed justice, it must make the upward adjustment." *United States v. Roberson*, 872 F.2d 597, 609 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). Because the evaluation of whether a defendant has obstructed the administration of justice is factual, "the district court's resolution of the question enjoys the protection of the clearly erroneous standard." *United States v. Franco–Torres*, 869 F.2d 797, 800 (5th Cir.1989); *accord United States v. Garcia*, 902 F.2d 324, 326 (5th Cir.1990). This test requires only that there be sufficient evidence in the record to support the district court's conclusion. *Franco–Torres*, 869 F.2d at 800.

The district court can consider a broad range of conduct in assessing a defendant's offense level under the guidelines and is not limited solely to the conduct for which the defendant is being sentenced. *United States v. Taplette*, 872 F.2d 101, 106 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989). For example, the district court properly can rely upon " 'evidence underlying crimes for which the defendant has been indicted but not convicted,' " *Roussell v. Jeane*, 842 F.2d 1512, 1523 (5th Cir.1988) (citing *United States v. Ochoa*, 659 F.2d 547, 549 (5th Cir. Unit A Oct. 1981), *cert. denied*, 455 U.S. 959, 102 S.Ct. 1472, 71 L.Ed.2d 678 (1982)), or upon "evidence underlying dismissed counts." *Id.* (citing *United States v. Martinez*, 584 F.2d 749, 750 (5th Cir.1978)). *Accord United States v. Johnson*, 823 F.2d 840, 842 (5th Cir.1987). The evidence, however, must be reliable, *see id.*, and supported by the record. *Roussell*, 842 F.2d at 1524.

In this case, the district court believed that Edwards's failure to call Black was

willful and thus an intentional obstruction of the administration of justice. Although Edwards testified that she failed to call the DEA because she was with McWhorter for most of the evening, the district court obviously thought her testimony not to be credible. Because the district court is allowed under *Roussell* to consider even dismissed counts in assessing Edwards's offense level, and because the record contains reasonable grounds upon which the district court could rely in making its determination, the addition of two points for obstruction of justice was not reversible error.

Finally, application note 2 to section 3C1.1 does not help Edwards. Although that note states that "[i]n applying this provision, suspect testimony and statements should be evaluated in a light most favorable to the defendant," this does not require that the sentencing judge tip the scales in favor of all defendants who deny allegations made against them. Rather, the note "simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction." *Franco–Torres*, 869 F.2d at 801. The district court's assessment of Edwards's testimony thus did not violate application note 2.

### III.

■ Edwards next contends that the district court abused its discretion in refusing to reduce her guideline level by two points for acceptance of responsibility for her crime. Section 3E1.1 provides that a court may reduce the offense level by two points "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." Furthermore, "[t]he standard of review under this provision is more deferential than under the clear error standard because " 'the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.' " *Roberson*, 872

F.2d at 610 (quoting Guidelines § 3E1.1, application note 5).

Originally, a defendant uniformly was precluded from seeking a two-point reduction for acceptance of responsibility where he or she already had received a two-point increase for obstructing the administration of justice. *See id.* Edwards is correct in pointing out that the 1988 amendments to the guidelines now permit adjustments for both obstruction of justice and acceptance of responsibility. *See United States v. Paden*, 908 F.2d 1229, 1230, 1236–37 (5th Cir. 1990). Since the amendments were effective as of November 1, 1989, prior to Edwards's sentencing hearing, the new standards apply in this case.

The revised guidelines, however, do not help Edwards. The new application note 4 suggests that contemporaneous adjustments for both obstruction of justice and acceptance of responsibility still will be rare and will occur only in "extraordinary cases." Guidelines § 3E1.1, application note 4; *see Paden*, 908 F.2d at 1236–37. While it is true that Edwards did offer to cooperate with authorities and to testify at her co-conspirator's trial, it also is a fact that her testimony never was used and that she failed to alert the DEA as to McWhorter's whereabouts. The district court did not find this to be one of the "extraordinary cases" warranting a finding of both obstruction of justice and acceptance of responsibility. Such evaluations of ambiguous facts and credibility are better left to the district court's discretion. *See United States v. Mejia–Orosco*, 867 F.2d 216, 217 (5th Cir.), *modified*, 868 F.2d 807 (5th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Accordingly, we do not find that the district court's decision was without foundation. *See Roberson*, 872 F.2d at 610.

### IV.

■ Finally, Edwards contends that her guilty plea to a state theft by check charge, entered into only eight days before her sentencing in the present case, violated her due process rights because she was not advised that her guilty plea could affect

her history level, and thus her potential sentence, in the present case. She further contends that the failure of the state judge or prosecutor to warn her of this problem made her waiver of counsel ineffective.

Edwards's argument is different from the normal waiver argument in that she is not proceeding on appeal or habeas corpus from the state court conviction, which is the proceeding she contends was constitutionally suspect. Rather, she elected to let the state conviction stand, and instead attacks its use in a subsequent sentencing in federal court.

The guidelines specifically forbid the use of constitutionally suspect prior convictions. *See* Guidelines § 4A1.2, application note 6. This would include the use of prior guilty pleas entered without a knowing and intelligent waiver of the right to an attorney. *See Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969). Thus, we must consider the sufficiency of Edwards's waiver of counsel in the unrelated state misdemeanor charge in evaluating the district court's calculation of her history level.

A defendant can waive the right to counsel, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but that waiver is ineffective unless intelligently and competently given. *McQueen v. Blackburn*, 755 F.2d 1174 (5th Cir.1985), *cert. denied*, 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985). Rule 11, Fed.R. Crim.P., provides that a defendant must be appraised of the consequences of pleading guilty, a concern that is heightened where a defendant has waived the right to an attorney. In such a situation, we are particularly watchful in ensuring that the sentencing court has complied strictly with those concerns at the core of rule 11.

Still, due process does not require "that a defendant be informed of each and every right which is waived by a guilty plea." *United States v. Frontero*, 452 F.2d 406, 415 (5th Cir.1971). Thus, a defendant need not be informed of " 'all the consequences that may flow from conviction or from the imposition of sentence.' " *United States v.*

*Garcia*, 636 F.2d 122, 123 (5th Cir. Unit A Feb. 1981) (per curiam).

Rule 11, which since its amendment in 1975 has provided a laundry list of requirements for district courts in accepting guilty pleas, is "meant to be both inclusive and exclusive." *United States v. Dayton*, 604 F.2d 931, 937 (5th Cir.1979). Thus, if a sentencing court informs a defendant of the requirements of rule 11, "he need be informed of no others." *Id.*; *accord Blackburn*, 792 F.2d at 500. All other matters are "collateral consequences of which the defendant need not be informed." *Moore v. Hinton*, 513 F.2d 781, 782 (5th Cir.1975) (per curiam).

Thus, the state court did not act incorrectly in failing to address the effect of a guilty plea on Edwards's federal trial. As we already have held, the effect of a plea's "possible enhancing effect on subsequent sentences is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea." *Wright v. United States*, 624 F.2d 557, 561 (5th Cir.1980); *accord United States v. Woods*, 870 F.2d 285, 288 (5th Cir.1989) (per curiam).

Failure to move beyond the confines of rule 11 is not reversible error. Furthermore, the fact that our previous cases primarily deal with federal district courts and rule 11 is not a distinguishing factor, as "[t]he constitutional requirements on state courts for acceptance of a guilty plea are, of course, no more strict than the requirements of Rule 11." *United States v. Blackburn*, 792 F.2d 498, 500 (5th Cir.1986) (citing *McChesney v. Henderson*, 482 F.2d 1101, 1110 (5th Cir.1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974)). Rule 11 requires only that a sentencing judge inform the defendant of the potential minimum and maximum sentences in the case at hand. Having complied with rule 11, the state court necessarily complied with the Constitution. *Id.*

Because there was no constitutional error, we will defer to the district court's calculation of both Edwards's criminal history level and her offense level. Accord-

ingly, the judgment of sentence is AF-
FIRMED.