947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry COLLINS, a/k/a The Kid, Defendant-Appellant.
 No. 91-5398.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1991.
Decided Nov. 7, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-90-212-2)
 George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Federal prisoner Larry Collins appeals his sentence after pleading guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846. Collins claims that the district court erred by refusing to grant him a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Because we conclude that the district court did not clearly err by refusing to grant this downward adjustment, we affirm.
 
 
 2
 Collins was indicted in August 1990 on four drug-related charges, including conspiracy, aiding and abetting, possession with intent to distribute, and distribution. Collins later agreed to plead guilty to count 1 of the indictment in exchange for dismissal of the other charges.
 
 
 3
 Collins' pre-sentence report (PSI) noted that, after Collins was granted bond in August 1990 on the condition that he remain under house arrest at his mother's house in Gary, Indiana, Collins fled and remained a fugitive until he was re-captured in Columbus, Ohio, in October. On that basis, the PSI recommended that Collins be given a two-level upward adjustment for obstruction of justice and that he be denied a downward adjustment for acceptance of responsibility. The district court adopted the PSI's recommendations on both obstruction of justice and acceptance of responsibility and imposed a sentence of 87 months.
 
 
 4
 Collins claims that his offer to plead guilty and his offer to work as a confidential informant merit the acceptance of responsibility adjustment. We disagree. To be entitled to an adjustment under section 3E1.1 a defendant must accept responsibility for all of his criminal conduct. United States v. Gordon, 895 F.2d 932, 936 (4th Cir.), cert. denied, 111 S.Ct. 131 (1990). Moreover, a downward adjustment for acceptance of responsibility is generally inappropriate when a defendant has obstructed justice. United States v. Edwards, 911 F.2d 1031, 1034 (5th Cir.1990); United States v. Lueddeke, 908 F.2d 230, 235 (7th Cir.1990); U.S.S.G. § 3E1.1, comment. (n.4). The willful failure to appear may justify an obstruction adjustment. United States v. Teta, 918 F.2d 1329, 1335 (7th Cir.1990); U.S.S.G. § 3C1.1, comment. (n.3(e) ). Therefore, we find that the denial of a downward adjustment for acceptance of responsibility in this case was not clear error.
 
 
 5
 In summary, we affirm Collins' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.