**James P. CRAVEN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 01–3048.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

## ORDER

James P. Craven, a pro se federal prisoner, appeals a district court order dis-

missing his petition for a writ of error coram nobis construed as filed under the All Writs Act, 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Review of Craven's criminal history shows that he was convicted by a jury in 1972 of possession of heroin and unregistered firearms and was sentenced to forty years in prison. *United States v. Craven*, 478 F.2d 1329 (6th Cir.1973). He was paroled in 1981 and released from parole in 1986. Currently, he is serving a 228–month sentence stemming from a 1988 conviction on narcotics charges. *United States v. Boykins*, Nos. 89–3580, etc., 1990 WL 143559 (6th Cir. Oct.2, 1990) (unpublished).

In his instant petition, Craven challenges his 1972 conviction, asserting that: 1) the conviction resulted from an illegal wiretap by Cincinnati Bell Telephone employees and that the information obtained from the wiretap was withheld from him in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and 2) the Assistant United States Attorneys falsely informed the trial judge that they had no wiretap information. Upon a magistrate judge's recommendation and over Craven's objections, the district court dismissed the petition on November 21, 1997. The district court thereafter denied all of Craven's post-conviction motions on September 7, 2000.

Craven has filed a timely appeal, reasserting the issues raised below. He moves for oral argument.

█ This court reviews de novo the district court's determination of legal issues

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

in coram nobis proceedings. *United States v. Johnson,* 237 F.3d 751, 755 (6th Cir.2001); *Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact are upheld unless clearly erroneous. *Johnson,* 237 F.3d at 755; *Blanton,* 94 F.3d at 230. Although there is some question as to the continued viability of the writ of error coram nobis, *see United States v. Beggerly,* 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), it appears that it has been abolished only in civil actions. It survives in criminal actions where, as here, relief under 28 U.S.C. § 2255 is not available because the petitioner is not in custody pursuant to the challenged conviction. *See Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Johnson,* 237 F.3d at 754.

However, a writ of error coram nobis is rarely granted:

> Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character—e.g., errors rendering the proceedings themselves invalid. To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

*Johnson,* 237 F.3d at 755 (citing *Blanton,* 94 F.3d at 231).

 Additionally, the doctrine of laches applies to coram nobis proceedings. *Blanton,* 94 F.3d at 231. To avoid the bar, a coram nobis petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously as a lengthy delay prejudices the government's ability to respond to the petition and to reprosecute a meritorious case. *Id.*

 The district court properly concluded that Craven's petition is barred by the doctrine of laches. A delay of seven years occurred between the discovery of the alleged wiretapping by Cincinnati Bell Telephone employees in 1989 and the filing of the coram nobis petition in 1996. Craven does not offer any reason for the delay and a delay of this length does not constitute an exercise of reasonable diligence. *See, e.g., United States v. Dyer,* 136 F.3d 417, 429 (5th Cir.1998) (nine-year delay is unreasonable); *Telink v. United States,* 24 F.3d 42, 48 (9th Cir.1994) (nearly five years is unreasonable); *Johnson v. United States,* 334 F.2d 880, 883–84 (6th Cir.1964) (fifteen years is unreasonable).

Accordingly, the motion for oral argument is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.