IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10554
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL CHAVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CR-55-2
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Chavez ("Chavez") appeals his conviction for possession with the intent to distribute cocaine and aiding and abetting in violation 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2. Chavez argues that the district court erred in assessing a two-point sentencing enhancement pursuant to United States Sentencing Guideline § 2D1.1(b)(1). Chavez primarily argues that the two-point enhancement violates double jeopardy, and he contends that his due process rights were violated because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was not found guilty of possessing a firearm. Chavez contends that although he possessed a firearm on September 12, 2000, he pleaded guilty to the transaction which occurred on July 25, 2000, and there is no evidence that he possessed a firearm on that day.

Section 2D1.1(b)(1) indicates that a defendant's sentence should be increased by two levels whenever, in a crime involving the manufacture, import, export, trafficking, or possession of drugs, the defendant possessed a dangerous weapon. "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). The decision to apply the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) is a factual determination, reviewed for clear error. United States v. Dixon, 132 F.3d 192, 202 (5th Cir. 1997).

A sentencing court need not limit its attention to the offense of conviction but may also increase a defendant's sentence pursuant to § 2D1.1(b)(1) if it concludes that a firearm was possessed in connection with unadjudicated offenses that constitute relevant conduct, as defined by U.S.S.G. § 1B1.3. See United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995); see also United States v. Paulk, 917 F.2d 879, 883-84 (5th Cir. 1990). Therefore, the district court did not err in assessing Chavez a two-point sentencing enhancement for possession of a firearm. See United States v. Edwards, 911 F.2d 1031, 1033 (5th

Cir. 1990); <u>see</u> <u>also</u> <u>Witte v. United States</u>, 515 U.S. 389, 401-03 (1995).

Chavez' sentence and conviction are AFFIRMED.