**Michael Troy FOREMAN,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 05–6800–cv.

United States Court of Appeals,
Second Circuit.

Sept. 11, 2007.

Michael Troy Foreman, pro se, Kingston, Jamaica, for Plaintiff–Appellant.

Michael J. Garcia, Unites States Attorney for the Southern District of New York (Jenna M. Dabbs, Celeste L. Koeleveld, Assistant United States Attorneys, of counsel), New York, NY, for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Appellant Michael Troy Foreman, *pro se*, appeals the order of the United States District Court for the Southern District of New York entered on November 14, 2005, dismissing his petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651. We presume the parties' familiarity with the facts and the issues on appeal.

On appeal, this Court reviews *de novo* the issue of whether a district court applied the proper *coram nobis* standard, but reviews the district court's decision to deny the writ for abuse of discretion. *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir.2000). A writ of error *coram nobis* is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir.1998). To obtain *coram nobis* relief, a petitioner must show that: (1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier relief; and (3) the petitioner continues to suffer legal consequences from his conviction that may be

remedied by granting of the writ. *See Fleming,* 146 F.3d at 90. The writ is "not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States,* 93 F.3d 76, 78 (2d Cir.1996) (internal quotation marks and ellipsis omitted); *see Nicks v. United States,* 955 F.2d 161, 167 (2d Cir.1992) (stating that a writ of error *coram nobis* should be granted "only where extraordinary circumstances are present"). In reviewing a petition for the writ, this Court presumes that the proceedings were correct, and the burden of showing otherwise rests on the petitioner. *See Nicks,* 955 F.2d at 167.

Here, the district court applied the correct *coram nobis* standard and properly found that, because Foreman had not demonstrated compelling circumstances to warrant relief, the petition should be denied. Foreman's claim that his counsel's ineffective assistance provided compelling circumstances is without merit. Foreman has failed to present any evidence, save his own conclusory allegations, demonstrating that his counsel was ineffective.

■ As to Foreman's first claim, that is counsel rendered ineffective assistance by advising him to withdraw his allegation of police brutality, the transcript of the plea allocution reveals that Foreman admitted, under oath, that his allegations were fabricated. Furthermore, Foreman does not provide any evidence that his counsel coerced him into withdrawing his brutality claim in order to plead guilty. Foreman's second assertion of ineffective assistance, based on his counsel's failure to properly investigate the details of his arrest, is similarly unsupported by evidence and without merit. There is no indication from the record that Foreman's counsel did not conduct a reasonable investigation into the facts of Foreman's arrest, and, moreover, Foreman specifically praised his counsel's performance on the case. Foreman's third claim, that his counsel failed to advise him of the consequences of his guilty plea with respect to Foreman's immigration status, is also without merit. The record indicates that, before the plea allocution, Foreman and his counsel specifically discussed the impact of pleading guilty on Foreman's immigration status.

■ Further, Foreman has not shown that "sound reasons" exist for the six-year delay in bringing his petition. *Foont,* 93 F.3d at 79. Because the record of the plea allocution forms the basis for Foreman's ineffective assistance of counsel claims, there is no reason why he "could not have applied to withdraw his guilty plea on that basis prior to sentence or immediately after sentence and the entry of judgment of conviction, thereafter taking an appeal if unsatisfied by the result." *Id.* He also could have moved under 28 U.S.C. § 2255 at a later date since an ineffective assistance of counsel claim need not be brought on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Furthermore, Foreman has not presented evidence of mental incompetence or any other factor to justify the delay. *Foont,* 93 F.3d at 79–80. Lastly, even though Foreman continues to suffer legal consequences from his conviction, in the form of an order of removal, granting his petition for a writ of error *coram nobis* will not remedy that consequence and prevent Foreman from being removed from the United States because the order of removal would still be valid based on Foreman's aggravated felony conviction in Florida.

The judgment of the district court is therefore affirmed.