COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-232-CR

 

 

ROBERT KEITH CAMPBELL                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant Robert Keith Campbell appeals his
conviction for possession of cocaine of less than one gram.  See Tex. Health & Safety Code Ann. ' 481.102(3)(D)
(Vernon Supp. 2008), ' 481.115(b) (Vernon
2003).  In two issues, he asserts
that (1) his guilty plea was not intelligently and voluntarily made, and thus,
he was deprived of due process of law when the trial court failed to admonish
him regarding his constitutional rights; and (2) the trial court=s
judgment should be reformed to delete court costs because they were not
announced as part of his sentence.  We
affirm.

                                        Background
Facts

Around 11:30 p.m. on February 21, 2008,
dispatchers directed Fort Worth Police Officer Michael Buchanan to a domestic
disturbance call.  When he arrived,
only a female was on the scene.  She said
that she and her boyfriend, Campbell, had been arguing.  Officer Buchanan got in his patrol car and
found Campbell.

Officer Buchanan asked Campbell about the
disturbance.  Campbell said that he and
his girlfriend had an argument.  Officer
Buchanan patted down Campbell for weapons and found none, but he noticed an object
in Campbell=s jacket that he suspected was a
pipe.  Officer Buchanan called the police
identification center and learned that Campbell had outstanding warrants.

Officer Buchanan arrested Campbell.  Under a search incident to arrest, Officer
Buchanan discovered a crack pipe in Campbell=s jacket
and a rock of crack cocaine in Campbell=s jeans
pocket.  Lab testing confirmed that the
cocaine weighed 0.20 grams.[2]








The grand jury indicted Campbell with possession
of cocaine in an amount of less than one gram; the indictment contained an
enhancement paragraph related to Campbell=s two
previous cocaine-related felony convictions. 
After the parties filed various pretrial documents, Campbell pled guilty
to the charge in front of the judge and then again in front of the jury, and he
pled true to the enhancement allegations. 

After Campbell=s mother
testified about his punishment and the parties submitted closing arguments, the
jury assessed Campbell=s punishment at ten years=
confinement and no fine.  The trial court
sentenced him accordingly.  The court=s
judgment, while not containing a fine, assessed $340 in court costs.  This appeal followed.

           Admonishment
of Constitutional Rights When Pleading Guilty








In his first issue, Campbell asserts that his
guilty plea was not intelligently and voluntarily made and that he was deprived
of due process of law when the trial court failed to admonish him of his
constitutional rights regarding witness confrontation, trial by jury, and
self-incrimination.[3]  Campbell acknowledges, and we agree, that
precedent forecloses his argument.[4]

A guilty plea generally waives the constitutional
rights that Campbell relies on.  See
Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969); Gardner
v. State, 164 S.W.3d 393, 399 (Tex. Crim. App. 2005).  AWaivers
of constitutional rights not only must be voluntary but must be knowing,
intelligent acts done with sufficient awareness of the relevant circumstances
and likely consequences.@ 
Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469
(1970).  It is error for a trial judge to
accept a guilty plea without an affirmative showing in the record that it was
intelligent and voluntary.  Boykin,
395 U.S. at 242, 89 S. Ct. at 1711; Aguirre‑Mata v. State, 125
S.W.3d 473, 474B75 (Tex. Crim. App. 2003); see
Tex. Code Crim. Proc. Ann. art. 26.13(b).








However, there is no requirement that a defendant
be specifically informed of the waiver of each of his constitutional rights at
the time of a guilty plea.  See
Gardner, 164 S.W.3d at 399B400; Vasquez
v. State, 522 S.W.2d 910, 912 (Tex. Crim. App. 1975) (noting that the Afailure
to give [admonishments regarding the right to confront witnesses or the right
against self-incrimination] does not invalidate a plea of guilty otherwise
freely and voluntarily made@); Breaux
v. State, 16 S.W.3d 854, 856 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d)
(stating that A[d]ue process does not require a
trial judge to enumerate, laundry‑list style, every Constitutional right
that a defendant possesses and demand that the defendant note for the record
his separate waiver of each@); see
also United States v. Edwards, 911 F.2d 1031, 1035 (5th Cir. 1990).  Rather, the defendant=s
knowledge of his constitutional rights and the voluntariness of his plea may be
inferred by statements made by counsel in the defendant=s
presence.  See Gardner, 164 S.W.3d
at 399; Austin v. State, Nos. 10‑04‑00349‑CR, 10‑04‑00350‑CR,
10‑04‑00351‑CR, 10‑04‑00352‑CR, 2006 WL
561835, at *2B3 (Tex. App.CWaco
Mar. 8, 2006, pet. ref=d) (mem. op., not designated for
publication).








In Gardner, the appellant, after relying
on a guilty plea to seek leniency from the jury on his punishment at trial,
claimed on appeal that his guilty plea made before the jury Awas
involuntary and a violation of his federal due process rights because the
[trial] court failed to admonish him of his various constitutional rights and
determine that his plea was intelligently and voluntarily made.@  Gardner, 164 S.W.3d at 394B97.  Because his case involved a complete absence
of admonishments, Gardner argued that his guilty plea was invalid under Boykin
and contended that the record did not affirmatively show that he understood
the nature of the constitutional due process protections that he was waiving
when he pled guilty.  Id. at 397B98.

The court of criminal appeals held that the
record adequately showed that Gardner understood that he was waiving his rightsCthe
privilege against compelled self‑incrimination, the right to a jury
trial, and the right to confront his accusersCwhen he
pled guilty.  Id. at 399.  In reaching its holding, the court said that
Gardner=s
understanding that he was waiving his rights could

be inferred, in part,
from [Gardner=s] counsel=s statements during the
punishment phase mentioning that appellant would testify even though he did not
have to under the Fifth Amendment and that [Gardner=s] guilty plea saved the
victim from having to testify and saved the jury from the Agrueling experience@ of determining [Gardner=s] guilt.

 

Id. at 399 & n.5 (citing United States v.
Henry, 933 F.2d 553, 559 (7th Cir. 1991) (stating that Aif the
defendant=s intelligent awareness can be
reasonably inferred from the transcript or the custom and practice of the
court, the plea passes constitutional muster@), cert.
denied, 503 U.S. 997 (1992)).








Similarly, in Slaughter v. State, the
appellant contended that the trial court erred by failing to inform him of the
waiver of his constitutional rights before he pled guilty in front of a
jury.  No. 02‑07‑00050‑CR,
2007 WL 3120688, at *3 (Tex. App.CFort
Worth Oct. 25, 2007, no pet.) (mem. op., not designated for publication).  The record did not expressly show that the
trial court provided Slaughter with any warnings or admonishments at the time
he pleaded guilty.  Id. at *1.

After examining Boykin=s
requirements, we explained that a Atrial
court does not commit per se reversible error by failing to specifically inform
the defendant of each right he is waiving by pleading guilty[;] [i]nstead, in
determining whether a plea is voluntary, the focus is upon whether the record
shows that the defendant understood that he was waiving the rights when he
pleaded guilty.@)  Id. at *3 (citation omitted).  The record did not contain any threats,
misrepresentations, or improper promises, and it indicated that Slaughter
understood that he was waiving the right to have the State present its evidence
against him.  Id. at *4.  Also, Slaughter=s plea
was part of his trial strategy.  Id.  Thus, we held that Slaughter understood his
plea and that the trial court did not err by failing to expressly advise him of
each of his constitutional rights.  Id.
at *5. 








As in Gardner and in Slaughter, the
record in this case indicates Campbell=s
awareness that he was waiving his constitutional rights by pleading
guilty.  As to the right against
compelled self-incrimination, during voir dire and in Campbell=s
presence, before his guilty plea before the jury, the State=s
attorney recited that Campbell had the right Anot to
testify.@  The State=s
attorney went on to explain,

[I]t=s important to know in a
criminal proceeding because we can=t hold it against someone if they don=t testify.  And we talked specifically about the right to
remain silent. . . . [T]hat=s what the Fifth Amendment is.  The Fifth Amendment is a person has the right
to remain silent, they cannot be forced to testify and they -- there it is, if
they want to, they can.  Jurors cannot
use the defendant=s silence as evidence
against them.

 

Also, in response to a question from the trial court on his plea,
Campbell affirmed that no one was forcing him to plead guilty against his will.

On Campbell=s right
to confront his accusers, the State=s
attorney also explained during voir dire, before Campbell=s plea
in front of the jury, that Campbell had the right to Aconfront
all his witnesses and . . . to subpoena witnesses just like the State
does@ and to
make the State prove its case beyond a reasonable doubt.  Also, Campbell=s
counsel spoke with him before Campbell agreed to stipulate in writing to the
evidence supporting his guilt.  Finally,
the State still presented Officer Buchanan=s
testimony regarding Campbell=s guilt,
and Campbell could have confronted Officer Buchanan at that time.[5]








As to 
Campbell=s right to a jury trial, when
Campbell pled guilty, the trial court advised him that he was waiving his right
to have the State prove the indictment=s
allegations beyond a reasonable doubt. 
The trial court also ensured that Campbell knew that the consequence of
his plea was that the jury would be instructed to find him guilty based on the
plea.[6]  Campbell must have been aware of his right to
a jury trial since he was in the process of exercising it before he announced
his guilty plea in front of the jury.  See
Johnson v. State, 501 S.W.2d 306, 307 (Tex. Crim. App. 1973).  Also, the court of criminal appeals has
recently noted that in Texas, a plea of guilty in front of a jury is not a
waiver of the right to a trial by jury at all; rather, it is a unitary trial by
jury on punishment only.[7]  Fuller v. State, 253 S.W.3d 220, 226
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 904 (2009); see
Williams v. State, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984).








 Finally,
as in Gardner and in Slaughter, the voluntary nature of Campbell=s guilty
plea is further shown in the record by the Aevidence
that [Campbell=s] guilty plea was part of a
strategy.@ 
Gardner, 164 S.W.3d at 399; see Slaughter, 2007 WL
3120688, at *4.  In his closing argument,
Campbell=s
counsel stated, A[Campbell] has pled guilty.  [Campbell] didn=t try to
weasel out of this.  He confessed to you,
to the Court.  And so we=re here
to determine the punishment.@

Based on our review of the record, we hold that
Campbell understood that he was waiving his constitutional rights when he pled
guilty before the jury and that he did so as a deliberate trial strategy.  See Gardner, 164 S.W.3d at 398B400; Slaughter,
2007 WL 3120688, at *2B5.  Because the trial court was not required to
expressly admonish him about the rights in such circumstances, we overrule
Campbell=s first
issue. 

                              Court
Costs in Written Judgment

In his second issue, Campbell asserts that the
trial court=s judgment should be reformed to
delete court costs because they were not announced as part of the
sentence.  He contends that court costs
are part of his sentence and are part of his punishment.  We disagree.








The court of criminal appeals expressly held
earlier this year that requiring a convicted defendant to pay court costs does
not alter the defendant=s punishment.  Weir v. State, 278 S.W.3d 364, 367
(Tex. Crim. App. 2009).  Instead, court
costs are not punitive and, therefore, do not have to be included in the oral
pronouncement of sentence as a precondition to their inclusion in the trial court=s
written judgment.  Id.; see  Hobbs v. State, Nos. 02‑08‑00295‑CR,
02‑08‑00296‑CR, 02‑08‑00297‑CR, 2009 WL
1035216, at *1 (Tex. App.CFort Worth Apr. 16, 2009, no
pet.) (mem. op., not designated for publication) (following the Weir decision
and explaining that this court Ais bound
by the precedent of the Texas Court of Criminal Appeals and has no authority to
disregard or overrule it@).

In this case, the judge announced Campbell=s
confinement in open court but did not orally address court costs at that
time.  The written judgment, in contrast,
dictates that Campbell owes $340 in court costs.  Because the $340 is not punitive, it can be
included in the written judgment without being included in the oral
pronouncement.  See Weir, 278
S.W.3d at 367; Hobbs, 2009 WL 1035216, at *1.[8]  We overrule Campbell=s second
issue.








                                             Conclusion

Having overruled both of Campbell=s
issues, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]Campbell stipulated at
trial that he possessed the cocaine.





[3]Campbell acknowledges
that article 26.13 of the code of criminal procedure does not require that a
defendant be specifically advised of the three constitutional rights.  See Tex. Code Crim. Proc. Ann. art.
26.13 (Vernon 2009).  He does not assert
any error related to the admonishments required by article 26.13.





[4]Campbell effectively
concedes his first issue by stating that Athere is significant authority which appears to
be contrary to his position.@





[5]Campbell=s counsel chose not to
cross-examine Officer Buchanan.





[6]The trial court also
specifically advised Campbell that the range of his punishment was two to ten
years= confinement because of
the enhancement from his previous convictions.





[7]Campbell=s counsel recognized the
jury=s continued role in the
trial after Campbell pled guilty. 
Campbell=s counsel stated in his
closing argument, 

 

[Campbell] elected to put his faith in you, the jury, all 12 of
you.  All 12 of you will unanimously
decide what in your opinion you feel a fair and just punishment for this case
is.  You get to consider all the evidence
that was presented to you at trial . . . . [Campbell] trusts you.  I trust you, that you will render a fair and
appropriate, just verdict for this offense.





[8]To argue that court costs
cannot be included in a judgment if they are not announced in open court,
Campbell relies in part on the Weir opinion from the Austin court of
appeals that the court of criminal appeals reversed.  See Weir v. State, 252 S.W.3d 85, 88B89 (Tex. App.CAustin 2008), rev=d, 278 S.W.3d at 367.