**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                 )
**UNITED STATES OF AMERICA**      )
                                 )
            v.                    )    **Criminal Action No. 99-79 (RWR)**
                                 )
**BURUDI FAISON,**                )
                                 )
            **Defendant.**        )
_____)

**MEMORANDUM OPINION AND ORDER**

Petitioner Burudi Faison seeks a writ of coram nobis to vacate his 1999 conviction for carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c), arguing that trial counsel provided ineffective assistance and that there was not a factual basis for his guilty plea. The government opposes Faison's motion. Because Faison has not demonstrated any entitlement to coram nobis relief, his petition will be denied.

BACKGROUND

In June 1999, Faison pled guilty to one count of using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Pre-Sentence Investigation Report ("PSR") ¶ 2. Faison was sentenced to 60 months in prison, J. in a Criminal Case, Sept. 8, 1999, and completed his sentence in September 2003, Pet. for Writ of Coram Nobis ("Pet.") at 1. In 2007, Faison was found guilty of a drug conspiracy charge in an unrelated case in New York. Id. Faison asserts that, because of his previous conviction here under 18 U.S.C. § 924(c), the

government had filed in the New York case prior felony enhancement papers. As a result, his statutory minimum and maximum sentence for the drug conspiracy charge was increased from 5 to 40 years to 10 years to life. Id. at 2.

On March 9, 2012, Faison filed for a writ of coram nobis under 28 U.S.C. § 1651, seeking to vacate his 1999 conviction. He claims principally that coram nobis relief is warranted because he received ineffective assistance of counsel and the record failed to "reflect a factual basis for [his] plea." Id. The government opposes his motion, contending that coram nobis relief is unavailable because Faison does not offer sufficient reasons for his twelve-year delay in challenging his conviction, did not seek direct review of his conviction and sentence, and fails to show that there was a fundamental error affecting his conviction or sentence. Govt.'s Mem. in Opp'n at 6-8.

## DISCUSSION

"Through a writ of error coram nobis, the federal judge who imposed a sentence has the discretionary power to set aside an underlying conviction and sentence which, for a valid reason, should never have been entered." United States v. Hansen, 906 F. Supp. 688, 692 (D.D.C. 1995). "Unlike the 'in custody' limitation of the habeas statute, a petitioner may collaterally attack a federal conviction under" coram nobis even if he is "no longer serving a sentence pursuant to that conviction." Id.

(citations omitted); cf. 28 U.S.C. § 2255 (providing that a habeas defendant must be in custody for the conviction or sentence he challenges). Coram nobis is an "extraordinary" remedy, United States v. Denedo, 556 U.S. 904, 911 (2009), and such relief is "rarely granted," Craven v. United States, 26 Fed. App'x 417, 419 (6th Cir. 2001). A petitioner seeking a writ of coram nobis must show that

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

Hansen, 906 F. Supp. at 692-93 (citations omitted). In Hansen, where the defendant sought to vacate his conviction and sentence, the court found that "a more usual remedy" of relief under § 2255 was unavailable to the defendant because he had completed his sentence and "ha[d] long since exhausted his usual appeal rights[,]" but that coram nobis relief was available. Id. at 693.

Here, Faison has shown that a more usual remedy is not available because he is not in custody for the conviction he challenges, Pet. at 3, and thus cannot attack his conviction under 28 U.S.C. § 2255. See United States v. Williams, 630 F. Supp. 2d 28, 30 (D.D.C. 2009). However, even though coram nobis relief is Faison's exclusive avenue to challenge his conviction, Faison has not demonstrated that the other requirements for a

writ of coram nobis are met.  Faison fails to show that "valid reasons exist for not challenging the conviction earlier."  See Hansen, 906 F. Supp. at 692.  To show that he has valid reasons for a delay in challenging a conviction, a defendant must show why he did not seek to appeal the conviction directly.  See Foont v. United States, 93 F.3d 76, 80 (2d Cir. 1996).  The bar is high; coram nobis is not "a free pass for attacking criminal judgments long after they have become final."  United States v. Riedl, 496 F.3d 1003, 1004 (9th Cir. 2007).

Faison submits that he did not attack his conviction earlier because "he had no reason to believe that a 924(c) offense was classified as a felony drug offense rather than a firearm offense" before United States v. Nelson, 484 F.3d 257 (4th Cir. 2007), was decided.  The Nelson opinion was issued eight years after Faison pled guilty to violating 18 U.S.C. § 924(c), but several months before the New York charges were filed.  See Pet. at 3.  Nelson held that a defendant's previous conviction for carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) constituted a felony drug offense that made the defendant eligible for a sentence enhancement for a later federal drug offense.  See Nelson, 484 F.3d at 258.

Faison's proffered rationale fails to justify his delay in seeking coram nobis relief for at least two reasons.  First, he

neither demonstrates a valid reason for his ten-year delay in challenging his conviction, nor explains why he waited five years after his 2007 New York sentence was imposed and Nelson was decided to seek coram nobis relief. Second, that Faison had no reason to challenge his 1999 plea and conviction until he was convicted for a subsequent offense and received a sentence enhancement in 2007 is not a valid reason for his delay. In Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992), the court held that "[t]he fact that [defendant] . . . ha[s] had no reason to challenge [his first] conviction until after the sentence was imposed in" a later trial for a separate offense "is not, standing alone, a sound reason" for a five-year delay. See id. Furthermore, Faison has not shown that either the court or Faison's trial counsel bore any obligation to explain to Faison that, if he were to commit a subsequent offense after serving his sentence for his 1999 guilty plea, his guilty plea could be used to enhance a future sentence. See McCarthy v. United States, 320 F.3d 1230, 1234 (11th Cir. 2003); Wright v. United States, 624 F.2d 557, 561 (5th Cir. 1980). Thus, Faison has not shown that he had valid reasons for his delay in challenging his conviction.

Faison also has not shown that the consequences of his conviction have been sufficiently adverse to justify a writ of coram nobis. Faison asserts that a writ is justified because he "is suffering from and will continue to suffer from adverse

consequences from the prior conviction" due to the sentence enhancement for his 2007 New York conviction. Pet. at 4. The fact that a previous sentence makes a defendant eligible for an enhanced sentence for a subsequent conviction does not constitute a sufficiently adverse consequence to justify a writ of coram nobis. United States v. Edwards, 911 F.2d 1031, 1035 (5th Cir. 1990). The sentence enhancement for Faison's 2007 drug conviction therefore provides no grounds for coram nobis relief. See id.

Finally, Faison has also failed to show that his conviction was the result of fundamental error. An error is fundamental if it is "(1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001) (citing United States v. Blanton, 94 F.3d 227, 230 (6th Cir. 1996)); see also United States v. George, 676 F.3d 249, 257 (1st Cir. 2012) (explaining that a defendant's decision to "enter into a plea bargain . . . counts against finding an error of the most fundamental character"). Faison alleges that fundamental error is present because he was deprived of his right to effective assistance of counsel and his Fifth Amendment substantive due process rights. Pet. at 2, 4.

Faison claims that his "pretrial counsel was ineffective in her representation and advisement." Id. at 2. "To prove constitutionally deficient representation, the defendant must show (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" United States v. Cassell, 530 F.3d 1009, 1011 (D.C. Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). The defendant bears the burden of overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Vague allegations of ineffective assistance are insufficient to establish grounds for coram nobis relief. Foreman v. United States, 247 Fed. App'x 246, 248 (2d Cir. 2007) (denying coram nobis to petitioner who "failed to present any evidence, save his own conclusory allegations, demonstrating that counsel was ineffective"); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); United States v. Talley, 674 F. Supp. 2d 221, 224-25 (D.D.C. 2009). That counsel advised a defendant to plead guilty is not by itself grounds for a claim of ineffective assistance. United States v. Thomas, 541 F. Supp. 2d 18, 25 (D.D.C. 2008).

Faison asserts that he received ineffective assistance of counsel prior to his plea because his attorney spoke with him only about "the amount of time to plead to, rather than those

matters that make a guilty plea voluntary and knowing." Pet. at 5. Furthermore, he argues, the court should have "ascertained . . . whether [he] was willing to proceed with his present attorney or whether he wanted another." Id. at 4. Faison does not present any evidence to support his assertions, and the fact that trial counsel advised him to plead guilty does not alone make counsel's assistance ineffective. See Thomas, 541 F. Supp. 2d at 25. Because Faison's claims are conclusory and vague, they are insufficient to establish a claim of ineffective assistance. See id. Because he provides no evidence to bolster his allegations, Faison cannot overcome the presumption that his counsel was effective. See Strickland, 466 U.S. at 689; Foreman, 247 Fed. App'x at 248; cf. United States v. Wilson, Crim. Action No. 96-319-01 (CKK), 2005 WL 6293747, at *13 (D.D.C. Sept. 12, 2005).

In addition to claiming that his counsel was ineffective, Faison asserts that his guilty plea violated his Fifth Amendment due process rights because "the record fails to reflect a factual basis for the plea."[1] Pet. at 2, 6. Federal Rule of Criminal

---

[1] Within his challenge to the factual basis of his plea, Faison also alleges that the court failed to advise him of the elements of the 924(c) offense that the government would be required to prove beyond a reasonable doubt at trial, and ask him whether the facts the government proffered it could prove were true. See Pet. at 6. Aside from such failures being an unprecedented deviation from the court's consistent practice, Faison presents no evidence to support his allegations.

Procedure 11(b)(3) requires that, prior to "entering judgment on a guilty plea, the court . . . determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). However, a writ of coram nobis "is only appropriate when claims could not have been raised by direct appeal," Sun v. United States, 342 F. Supp. 2d 1120, 1127 (N.D. Ga. 2004), aff'd, 151 Fed. App'x 860 (11th Cir. 2005), and coram nobis is "'not a substitute for appeal,'" United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (quoting Foont, 93 F.3d at 78). In his reply, Faison does not dispute the government's claim that he never sought to attack the factual basis of his plea prior to filing his petition for coram nobis. See Pet.'s Reply to Govt.'s Mem. in Opp'n at 3-4. Because he failed to raise the alleged lack of a factual basis for his plea on direct appeal, Faison is not entitled to coram nobis relief on the grounds that his plea lacked a factual basis.

## CONCLUSION AND ORDER

Faison is not entitled to coram nobis relief because he has failed to offer valid reasons for not attacking his conviction earlier, and his 2007 sentence enhancement is not an adverse consequence sufficient to justify coram nobis relief. He has not demonstrated as a fundamental error that trial counsel was ineffective, and his claim that his plea lacked a factual basis is barred because he did not challenge it on direct review. Therefore, it is hereby

ORDERED that Faison's motion [52] for a writ of coram nobis be, and hereby is, DENIED.

SIGNED this 29th day of July, 2013.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge