# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CATHERINE F. ROMERO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-203-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Catherine F. Romero appeals the sentence imposed after she pleaded guilty to one count of wire fraud and one count of money laundering. In accordance with a plea agreement, the Government moved to dismiss 10 other counts and a separate wire-fraud prosecution. The district court sentenced Romero to 120 months in prison, a variance above the guideline maximum of 87 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31009

Romero first contends that she was entitled to a sentence reduction for accepting responsibility, even though she also received an offense level increase for obstruction of justice. Except in "extraordinary cases," an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 "indicates that the defendant has not accepted responsibility" under § 3E1.1. *See* § 3E1.1, comment. (n.4); *United States v. Chung*, 261 F.3d 536, 540 (5th Cir. 2001). We will affirm a district court's denial of credit for acceptance "unless it is without foundation." *United States v. Edwards*, 911 F.2d 1031, 1034 (5th Cir. 1991) (internal quotation marks and footnote omitted).

While on bail after her arrest, Romero tried to obtain, through uncharged fraudulent conduct, money to appease some victims so that they might stop aiding the prosecution. She also tried to get one victim to make a false statement about money given to Romero. Romero's obstruction continued after her bail was revoked, and it ended only when her would-be assistants outside the jail decided to stop helping her. In the face of this obstruction, Romero's acknowledgment of the uncharged relevant conduct did not make her case extraordinary. *See Chung*, 261 F.3d at 540. The court's denial of credit for acceptance was not without foundation. *See Edwards*, 911 F.2d at 1034.

In addition, Romero contends that her sentence was substantively unreasonable. The court gave ample and specific reasons for the sentence under 18 U.S.C. § 3553(a), including the extent of Romero's fraud and her history of similar crimes. We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence was not unreasonable or an abuse of discretion. *See id.* at 46; *Rita v. United States*, 551 U.S. 338, 351 (2007).

The judgment is AFFIRMED.