# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2025

Lyle W. Cayce
Clerk

No. 24-40540
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN RICHARD BURCH, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:22-CR-39-1

Before BARKSDALE, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted John Richard Burch, Jr., of: three counts of possession with intent to distribute five grams or more of methamphetamine (actual) (Counts One, Four, and Five), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of possession with intent to distribute a detectable amount of methamphetamine (actual) (Count Two), in violation of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 841(a)(1) and (b)(1)(C); one count of possession of a firearm by a felon (Count Seven), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of possession with intent to distribute methamphetamine (actual) on premises where children are present or reside (Count Eight), in violation of 21 U.S.C. § 860a. He was sentenced to, *inter alia*, a within-Guidelines range of 235-months' imprisonment. Burch contends: regarding his conviction, the evidence was insufficient to support the jury's verdict as to whether he had the intent to distribute methamphetamine; and, regarding his sentence, the district court erred in determining the amount of methamphetamine attributable to him.

When a sufficiency claim is preserved through a motion for judgment of acquittal, review is *de novo*; but, "this review is . . . highly deferential to the verdict". *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017) (citation omitted); *United States v. Fatani*, 125 F.4th 755, 758 (5th Cir. 2025). We affirm if, viewing the evidence and inferences that may be drawn from it in the light most favorable to the verdict, any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *E.g.*, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not reweigh evidence or second guess the jury's credibility choices. *E.g.*, *United States v. Capistrano*, 74 F.4th 756, 768 (5th Cir.), *cert. denied*, 144 S. Ct. 516 (2023).

The Government asserts plain-error review applies to Counts One, Two, and Four. In his reply brief, Burch does not challenge the application of plain-error review for those counts, other than to state he "does not concede any arguments presented in [his] opening brief". By moving for a judgment of acquittal as to Counts Five and Eight at the close of the Government's case-in-chief (Burch did not subsequently present evidence), he preserved his sufficiency challenge as to those two counts. But, he failed to preserve his sufficiency challenge as to the other distribution counts: One,

Two, and Four. *See United States v. Suarez*, 879 F.3d 626, 630–31 (5th Cir. 2018). (Count Seven, for which there was also no motion for judgment of acquittal, is instead for felons in possession of a firearm; the conviction on that count is not challenged on appeal.)

Unpreserved challenges to the sufficiency of the evidence are reviewed for plain error. *United States v. Lamartiniere*, 100 F.4th 625, 652 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1069 (2025). Under that standard, Burch must show a plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings". *Id.* (citation omitted).

"In the sufficiency of the evidence context, [our] court has stated that it will reverse under plain error review only if there is a 'manifest miscarriage of justice,' which occurs only where 'the record is devoid of evidence pointing to guilt' or the evidence is so tenuous that a conviction is 'shocking.'" *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017) (quoting *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc)).

To support Burch's convictions for Counts One, Two, Four, Five, and Eight, the Government had to prove Burch knowingly possessed methamphetamine with the intent to distribute. *See United States v. Mireles*, 471 F.3d 551, 556 (5th Cir. 2006) (outlining elements). Burch's challenge to these counts is limited to the intent element. All of Burch's challenges to the sufficiency of the evidence fail.

For the two counts for which Burch moved for judgment of acquittal, Counts Five and Eight, the record shows sufficient evidence that Burch possessed a distributable amount of methamphetamine on 19 May 2022, as

found by the jury for those counts. This was enough to establish that Burch had the requisite intent to distribute for those counts. *See United States v. Mays*, 466 F.3d 335, 341 (5th Cir. 2006) ("mere possession of a quantity of drugs inconsistent with personal use will suffice for the jury to find intent"). That intent element was additionally proven by the paraphernalia indicative of distribution found at Burch's residence. *See United States v. Lucien*, 61 F.3d 366, 375–76 (5th Cir. 1995).

There was also sufficient evidence showing that a confidential informant made controlled purchases of methamphetamine from Burch on the dates corresponding to Counts One, Two, and Four, for which Burch did not move for judgment of acquittal. Therefore, Burch has not shown the requisite clear-or-obvious error regarding the sufficiency of the evidence as to those counts. *See Lamartiniere*, 100 F.4th at 652.

Turning to Burch's challenge to his sentence, although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

During trial, the Government abandoned Count Three—which alleged that Burch had distributed and possessed with intent to distribute five grams or more of methamphetamine on or about 7 April 2022—because the confidential informant testified that he was not sure if he had made a

controlled purchase of methamphetamine from Burch on that particular occasion. Burch contends: the 6.791 grams of methamphetamine from that controlled transaction should not have qualified as relevant conduct because it constituted *acquitted conduct*; and there was insufficient evidence supporting that transaction. He correctly concedes that his sentence may be based on acquitted conduct, but raises the issue to preserve it for possible further review. *See United States v. Watts*, 519 U.S. 148, 157 (1997).

In addition, Burch was *not acquitted* on Count Three, and facts contained in dismissed counts may be used for sentencing purposes. *See United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995) (district court may consider "unadjudicated offenses" for sentencing purposes so long as they are "relevant conduct" under Guideline § 1B1.3); *United States v. Edwards*, 911 F.2d 1031, 1033 (5th Cir. 1990). Moreover, the district court's factual finding that a preponderance of the evidence showed that the confidential informant conducted a controlled purchase of 6.791 grams of methamphetamine from Burch on 7 April 2022 was not clearly erroneous. *See United States v. Dinh*, 920 F.3d 307, 310 (5th Cir. 2019).

AFFIRMED.